## DUPONT V. DUPONT.

1. ALIMONY. A court of equity will render a decree for divorce and suitable alimony in favor of a wife who has deserted her husband without reasonable excuse, when it appears that her conduct subsequent to the separation has been without reproach, while that of the husband has rendered a reconciliation impossible without a sacrifice of principle and self respect on her part.

*Appeal from Johnson District Court.*

TUESDAY, DECEMBER 7.

BILL and cross bill for divorce—the wife praying in the bill also for alimony. The plaintiff charges the defendant with adultery committed with a person named, *after* the separation. The defendant's cross bill bases the prayer for divorce upon allegations of desertion by the plaintiff without reasonable excuse. The evidence shows that plaintiff left the house of defendant, and fails to show any reasonable excuse therefor. It also shows that her conduct subsequent to that time was without reproach, while the defendant committed numerous acts of adultery with a wo-

man who was employed in his house as housekeeper.   The court dismissed the cross bill, and decreed a divorce in accordance with the prayer of the bill, but without alimony. The plaintiff appeals from that portion of the decree which refuses alimony.

*Templin & Fairall* for the appellant.

*Clark & Bro.* for the appellee.

STOCKTON, J.—The only question in this cause is, whether the complainant was, under the evidence submitted to the District Court, entitled to a decree for alimony against the defendant.

It is provided by the Code, that when a divorce is decreed, the court may make such order in relation to the property of the parties and the maintenance of the wife as shall be *right and proper.*   Section 1485.

The District Court found the equity of the cause to be with the complainant, and that she was entitled to a divorce by reason of the defendant having committed adultery since the marriage.   A decree was accordingly rendered in her favor, dissolving the bonds of matrimony between the parties, and restoring the complainant to all the rights and privileges of an unmarried woman, but without any alimony of the property of the defendant.

In respect to the alimony we think the decree of the District Court was erroneous.   The complainant charges that she brought to the defendant at the marriage, a bed and bedding and other personal property, to the value of seventy-five dollars.   The value of the property is denied by the defendant, but he admits that it was worth forty dollars.   We think that the complainant at all events, was entitled to have this property returned to her, and the District Court should have made an order to that effect.   She went to the defendant's house to obtain it, after the separation, but he refused to let her have it.   There is no good reason appearing to

us why she was not at least entitled to the property that she brought to the defendant at the marriage. But she is, we think, entitled to more than this.

It is true that the evidence fails to show any reasonable excuse for the conduct of the complainant in leaving the house of the defendant, and in refusing to live with him as his wife. Her character and conduct, however, after the separation, appears to have been without reproach. She has been compelled to labor for a support, when her health admitted of it, and when it did not, she found a home at the house of her sister.

The conduct of the defendant, on the contrary, has been far from exemplary. He takes a woman into his house, under the name of housekeeper, and we soon find him taking her to his bed, and in all but the name, admitting her to the privileges of a wife. This conduct of the defendant, whilst it entitled the complainant to a decree for the dissolution of the marriage contract, we think furnishes also a strong ground on which to base the claim of the complainant for alimony. The refusal of his wife to live with him, and her departure from his house, though without excuse so far as shown by the evidence, furnishes no license for the conduct of the defendant, and does not exempt him from the duty of making some provisions towards her comfortable maintenance and support.

The desertion of the defendant by the complainant had not been continued so long as to entitle the defendant to a decree for a divorce. His cross bill against her praying a divorce, on the ground of the desertion, was dismissed. There has been nothing in her conduct going to show that a reconciliation was impossible; while he has by his own conduct closed the door to any such reunion. The policy of the law looks to such reconciliation; it does not contemplate the total and final separation of the parties, when the family tie once broken may be united without a sacrifice of principle, or the abandonment of honor and self respect. The defendant has, however, .forfeited the vantage ground

on which he stood on the desertion of him by his wife, by his open and notorious adultery with another woman; and has thus given to the wife a strong claim for alimony out of his estate.

Her helpless and dependant condition furnishes another strong claim in her favor. She is shown to be over fifty years of age, in feeble health, and dependant upon her labor for a support. The defendant is in good circumstances, and though the parties lived together as husband and wife but fourteen months, though she brought to him no fortune at the time of the marriage, and has in no essential respect assisted in accumulating the estate of the defendant, she is, under the circumstances, entitled to his assistance in relieving her necessities, and in preventing her from becoming an object of charity in her old age.

The cause will be remanded, with directions to render a decree in favor of complainant for alimony against the defendant, and for the value of the property received by him from her at the time of the marriage, admitted by him to have been worth forty dollars. The complainant will be allowed the sum of eighty dollars a year, as alimony from the defendant, payable half yearly on the first days of January and July in each year, and to commence with the first day of January, 1860.

These payments are to bear interest at the rate of *ten per centum per annum* from the times they are due, and may be enforced by execution if not paid. The defendant will pay the costs of the District Court and this court.

Decree reversed.