## WILSON v. WILSON.

1. **Divorce**: ADULTERY: DESERTION. Desertion is not a defense to an action for divorce on the ground of adultery, unless it has been so long continued as to constitute of itself a reason for divorce.

2. ———: PRACTICE: COUNTER-CLAIM. In an action for divorce the defendant may set up any matters connected with the subject of the action, occurring after its commencement and constituting a cause of action against plaintiff, upon which affirmative relief may be asked; such matters constitute a counter-claim.

3. ———: VOLUNTARY SEPARATION: ALIMONY. A voluntary separation between husband and wife, the latter agreeing to release all claim upon the husband's property, cannot be pleaded in an action for divorce to defeat her claim for alimony.

4. ———: COSTS. An allowance to the wife for attorney's fees should not be made a lien upon the homestead. Such allowance occupies the same position as other taxable costs in the proceeding.

*Appeal from Wapello Circuit Court.*

MARCH, THURSDAY, 18.

THIS is an action for divorce. The parties were married in Illinois, about August 1st, 1870, and lived together as husband and wife till April 3d, 1872. On the third day of April, 1872, they entered into a written agreement to live separate during the course of their natural lives, and each agreed not to hold the other responsible for any obligation growing out of the marriage relations, and to release all claims to the property of the other. . Pursuant to this arrangement the defendant separated from the plaintiff.

On the 11th of July, 1872, the plaintiff filed his petition for divorce alleging that defendant had been guilty of such cruel, and inhuman treatment as to endanger his life. On the 2d of September, 1872, the defendant filed her answer and cross-bill denying the allegations of the petition, and alleging that plaintiff had been guilty of such cruel and inhuman treatment as to endanger her life, and prays for a divorce and alimony. The plaintiff for reply denies the allegations of the cross-bill, and sets forth the articles of separation, above referred to.

On the 19th of September, 1872, the defendant filed an amendment to her answer, alleging that the articles of separation were extorted from her through duress and fear of plaintiff. On the 8th of August, 1873, defendant filed her amended cross-bill, alleging that since the separation plaintiff had been guilty of repeated acts of adultery, and praying a divorce from him on that ground. The plaintiff replied, denying the allegations of both the amended answer and the cross-bill.

The cause was tried by the court, and both the petition and the cross-bill were dismissed.

From this order dismissing her cross-bill, the defendant appeals.

*Wm. McNett* and *W. W. Cory*, for appellant.

*E. L. Burton* and *H. B. Hendershott*, for appellee.

DAY, J.—I. The court found as facts in substance:

1. That the evidence does not show that defendant had been guilty of the alleged acts of inhuman treatment, set forth in the petition.

2. That the evidence does not establish the commission of the acts of cruelty alleged in the cross-bill.

3. That the separation of the parties was without any desire therefor on the part of the plaintiff, but was acquiesced in because defendant had determined to leave, and that the evidence fails to establish any reasonable grounds for the desertion on the part of the defendant.

4. That there is no evidence that defendant has been guilty of any improper conduct since the separation.

5. That the evidence sustains the charge of adultery against the plaintiff, committed in the spring and summer of 1873, about one year after the defendant's desertion, and after the filing of the original petition.

The court held that the evidence is of such character that a divorce should be granted defendant, if she were shown to be an innocent party, but that, as the plaintiff was at fault by his adultery, and the defendant was at fault by her desertion, neither party was entitled to a divorce.

The evidence clearly sustains the finding of fact as to the plaintiff's adultery. It is not necessary that we should review the evidence, which is quite voluminous. It rarely happens that a fact of that nature is made to appear more clearly. Conceding that the desertion of the plaintiff by the defendant was without reasonable ground, we are clearly of opinion that the court erred in the legal consequences which he attached to it. Before the defendant had been absent long enough to entitle plaintiff to a divorce on the ground of desertion, he was guilty of adultery, which rendered her return repugnant to every natural feeling, and justified her further absence.

This very point was determined in *Dupont v. Dupont*, 10 Iowa, 112, in which it was held that a wife who deserts her
1. DIVORCE: husband without reasonable cause, is entitled to a
adultery:
desertion.          divorce and alimony on account of the adultery of the husband after separation, and before the desertion has been so long continued as to be the ground of a divorce. In *Hall v. Hall*, 4 Allen, 39, the same conclusion is announced. In *Conant v. Conant*, 10 California, 249, it was held that desertion for a less period than two years is not sufficient to bar a decree for divorce where the adultery of defendant is established, but that it may be a ground for limiting the divorce to one from bed and board. See also *Thomas v. Faillen*, 13 La. Annual. 127.

The cases of *Whittington v. Whittington*, 2 Devereux & Battles (N. C.), 64; *Moss v. Moss*, 2 Iredell, 55; *Wood v. Wood*, 5 Iredell, 674, hold that where parties are living in voluntary separation, a separation from the bonds of matrimony will not be granted on account of adultery committed during the separation. The last case holds that a court may, on such grounds grant a divorce from bed and board.

The case of *Dupont v. Dupont*, *supra*, definitely settled the law in this State, and settled it, as we believe, in harmony with just and sound legal principles.

II. Plaintiff claims that, whilst adultery committed after the filing of the original bill may be pleaded by the defend-
2. ———: ant by way of recrimination, and will, if proved,
practice.          defeat the plaintiff's action, yet it cannot be urged

Wilson v. Wilson.

by cross-bill, as a ground for divorce. We are referred to Section 2890 of the Revision, which provides that a cross-demand is any new matter constituting a cause of action in favor of defendant, and which he held, whether matured or not, when suit was brought. If the matter set up in the amended cross-bill is to be regarded as a cross-demand, simply, it cannot be made the basis of affirmative relief, for the facts alleged did not exist when the original action was commenced. We, however, think the facts alleged are rather to be regarded as a counter-claim, under the provisions of Section 2889 of the Revision. The plaintiff seeks to annul the marriage contract on account of an alleged violation of it by defendant. The defendant, upon the other hand, seeks to annul the same contract on account of violations of the same by the plaintiff. The matters alleged arise out of the contract set forth in the petition, and are connected with the subject of the action.

There is no provision that the facts constituting a counter-claim should exist when the action is commenced.

III. Plaintiff claims that if a divorce should be decreed, the defendant is not entitled to alimony. In the agreement

3. ——: voluntary separation: alimony.

for settlement which she entered into with her husband she agreed to release all claims upon his property. The law merely tolerates voluntary agreements for separation between husband and wife; it does not authorize or sanction them. Sir William Scott, in delivering the judgment in the case of *Mortimer v. Mortimer*, (2 Hazz. Const. Rep., 318), says the court considers a private separation an illegal contract. It implies a renunciation of stipulated duties; a dereliction of those mutual offices which the parties are not at liberty to desert; an assumption of a false character in both parties, contrary to the real *status personæ*, and to obligations which both of them have contracted, in the sight of God and man, to live together until death; on which obligations the solemnities both of civil society and religion have stamped a binding authority, from which the parties cannot release themselves by any private act of their own, or for causes which the law has not pronounced to

be sufficient and sufficiently proved.   See *Rogers v. Rogers*, 4 Paige, 516.

. In *Wonall v. Jacobs*, 3 Merivale's Rep. 256 (268), the Master of Rolls declared that a court of equity will not carry into execution articles of separation between husband and wife, and that it recognizes no power in them to vary the rights and duties growing out of the marriage contract, or to affect, at their pleasure a partial dissolution of that contract; and that it would seem to follow that the court would not acknowledge the validity of any stipulation that is merely accessory to an agreement for separation.   See also *Champlin v. Champlin*, 1 Hoffman, 55; *McKennan v. Phillips*, 6 Wharton, 571.

In *Rogers v. Rogers*, 4 Paige, 516, it was held that an agreement to live separate, the husband giving a bond for the payment of an annual sum to the wife, was no bar to the wife's claim for an allowance to enable her to prosecute a suit against him for a divorce.

See 2 Kent's Commentaries, * page 175, and cases cited in note.   The case of *Blake v. Blake*, 7 Iowa, 46, cited by plaintiff, is not in point, for in that case the agreement touching alimony was made after a divorce had been decreed.

We are clearly of opinion that the agreement entered into between the parties does not bar the wife of her claim for alimony.

IV.   The cause was determined by the court on the 19th day of December, 1873.   On the 9th of March, 1874, the plaintiff filed a motion to retax costs, and on the 10th day of March, 1874, the defendant filed her application for an allowance, as a part of the costs, of attorney's fees, and that it be made a lien upon plaintiff's homestead.   The court allowed the defendant, upon her application, one hundred dollars, and ordered that judgment for the same be rendered as a part of the costs, but refused to make the same a lien on the homestead.   Plaintiff appeals from the order making the allowance, and defendant from the refusal to make it a lien on the homestead.   We see no sufficient reason for disturbing the order in either respect.   Plaintiff claims

that the court had no jurisdiction to make the order. But he had himself invoked and called into exercise the jurisdiction of the court upon the question of costs, and if the court had the right to diminish them on plaintiff's motion, he had jurisdiction to increase them on defendant's motion.

The allowance was made as part of the costs, and as such was no more entitled to be made a lien on the homestead than the other costs in the case, included in the same judgment.

V. The court found that at the time of the separation, the plaintiff was worth about $8,000, but that he has since suffered a loss by fire, reducing his means to about $4.000 or $5,000, of which amount $3,000 is in his homestead. That plaintiff has one daughter by a former marriage, fourteen years of age. That defendant brought to plaintiff, on her marriage, property of the value of $500, which was all received by her under the agreement of settlement. We are satisfied that these findings of fact are supported by the evidence. The defendant lived with plaintiff less than two years, and she contributed but little, if anything, toward the accumulation of the property. Although not as guilty as the plaintiff, yet she seems not to be wholly without fault in her original separation and absence from her husband. We conclude that, under all the circumstances, it is just to the parties to allow the defendant $500 as alimony, which shall be declared a lien on plaintiff's homestead.

The defendant will have a decree for divorce, as prayed.

REVERSED.