## MARTHA J. SQUIRES v. HORACE R. SQUIRES.

### Divorce.    Agreement of Separation.    Condonation.    Pleading. Motion.

1. An *agreement of separation*, signed by the husband and the father of the wife, *as her agent, is a good defence to a petition for divorce*, alleging *intolerable severity*, brought two years after the said agreement, and after it had been substantially complied with by the husband, the same being entered into *after* the alleged cause had accrued.*
2. Although, strictly, the deed of separation is not a condonation of alleged wrongs, yet, under the circumstances, the court think the parties should be held to their own settlement.
3. When a question is tried in the County Court on *motion* instead of *plea*, neither party objecting, although it should have been raised by plea, it is too late to claim error in that respect, for the *first time*, in the Supreme Court.

THIS case was tried at the May Term, 1879, Windsor County, BARRETT, J., presiding.

Libel for divorce. The libellee moved to dismiss the petition. The motion was in writing, claiming, that the written agreement signed by the libellee and the father of the libellant, acting as her agent, was a good defence, especially as he had performed his

---

*That a note and mortgage, executed in pursuance of an agreement between husband and wife, having for its object a dissolution of the marriage contract, are illegal and void, see *Sayles* v. *Sayles,* 21 N. H. 312; *Weeks* v. *Hill,* 38 Ib. 199; *Cross* v. *Cross,* 58 N. H., Alb. L. J., July 23, 1881, p. 77.—REP.

part of the contract, in paying all that he agreed to, and delivering the property, &c., to the libellant. The petition was dated April 24th, 1879; the deed of separation, September 17th, 1877. This agreement, in effect, was, that the said husband and wife had mutually contracted to live separate and apart; that the libellee was to give up and surrender all property to the libellant which belonged to her before marriage, and pay her $500 in money, and $100 for the benefit of her daughter. The wife was to release all her right or interest in the homestead, dower or thirds; and to support herself. The agreement was sealed. The other parts of it sufficiently appear in the opinion of the court. It was conceded that the libellant had paid over the money according to the contract; but it was claimed that he had not delivered all the furniture. The parties had not lived together after the accruing of the alleged cause. The County Court held that the deed of separation was a defence to the petition.

*Gilbert A. Davis*, for the petitioner.

Matters not of record can be taken advantage of only by plea; not by motion. The agreement is not a bar; of no binding force. 1 Bish. on Mar. and Div. s. 634; 2 Ib. s. 71. The agreement is not evidence of condonation. 2 Bish. on Mar. and Div. ss. 33, 37; *Langdon* v. *Langdon*, 25 Vt. 678; *Quincy* v. *Quincy*, 10 N. H. 272. That such a contract is not a bar, see *Rogers* v. *Rogers*, 4 Paige, 516; *Wilson* v. *Wilson*, 40 Iowa, 230; *Anderson* v. *Anderson*, 1 Edward Ch. R. 380; 1 Bish. Mar. & Div. ss. 636, 637. Nor is it a bar to alimony, Saxton's Rep. N. J., 386. See *Randall* v. *Randall*, 37 Mich. 563; 113 Mass. 255.

*John F. Deane, French & Southgate*, for the libellee.

Cruelty may be the subject of condonation. Bishop on Mar. and Div. ss. 50, 59; *Burr* v. *Burr*, 10 Paige, 20; *Whispel* v. *Whispel*, 4 Barb. 217; *Gardner* v. *Gardner*, 2 Gray, 434; *Robinson* v. *Robinson*, 100 Mass. 150; *Maston* v. *Maston*, 15 N. H. 160. In a recent English case it was held that an agreement in a deed of separation, not to sue for a divorce would be binding " independently of any question of condonation," stated by 2

14

Bishop, s. 62.   Such deeds are binding on the parties ;  1 Bishop, ss. 636, 640.   The courts universally hold that they are, as to the property.   41 Barb. 72.   If it were true that the libellant did not get all her furniture, this would not do away with the contract.   She has her remedy on the contract in the name of, her father, her trustee.   *Nichols* v. *Palmer*, 5 Day, 47.

The opinion of the court was delivered by

VEAZEY, J.   This is a libel for divorce on the ground of intolerable severity, and was dismissed by the County Court, that court holding that the contract entered into between the libellee and the father of the libellant, acting in her behalf, after the separation, operated a defence to the petition for the cause alleged, which had accrued before the contract was made.

The point is made in behalf of the libellant that the question should have been raised by plea instead of motion, as it was based on matters *dehors* the record.   This would be the correct view, except that it appears that this contract was treated on the hearing in the County Court as though properly in the case for consideration, and that there was no material dispute about it, and that the decision of that court was invoked by both parties as to the legal effect of that contract upon this petition.   Under these circumstances we think the case should be treated here as the parties treated it in the County Court, and be decided upon the merits, no technical question of pleading or practice appearing to have been raised in that court.

The question as before stated is as to the effect of this contract, under the circumstances disclosed upon this petition for divorce.   It will be noticed that this contract was entered into after the separation and through the intervention of a person acting for the wife.   It is not the policy of the law to encourage separations between husbands and wives.   The rule as established in many cases is, that articles calculated to favor a separation which has not yet taken place will not be supported.   *Durant* v. *Titley*, 7 Price, 577 ; *St. John* v. *St. John*, 11 Ves. 526 ; *Westmeath* v. *Westmeath*, Jac. 126.

But as stated by COOLEY, Ch. J., in *Randall* v. *Randall*, 37 Mich. 563 : " When a separation has actually taken place, or

it has been fully decided upon, and the articles contain a suitable provision for the wife and children, or an equitable and suitable division of the property, the benefits of which both have enjoyed during the coverture, no principle of public policy is disturbed by them ; on the contrary, if they are fair and equal, and are not the result of fraud or coercion, reasons abundant may be found for supporting them, in their tendency to put an end to controversies, to prevent litigation, and to give the wife an independence in respect to her support which without some such arrangement she could not have under the circumstances." Among the numerous cases that have settled the law as stated, may be found the following :—*Compton* v. *Collinson*, 2 Bro. Ch. 377 ; *Worral* v. *Jacob*, 3 Meriv. 266 ; *Jee* v. *Thurlow*, 2 B. & C. 547 ; s. c., 4 D. & R. 11 ; *Bloker* v. *Cooper*, 7 Serg. & R. 500 ; *Hutton* v. *Duey*, 3 Penn. St. 100 ; *Dillinger's Appeal*, 35 Penn. St. 357 ; *Nichols* v. *Palmer*, 5 Day, 47 ; *Baker* v. *Barney*, 8 Johns. 73 ; *Shelthar* v. *Gregory*, 2 Wend. 422 ; *Carson* v. *Munoy*, 3 Paige, 483 ; *Chapman* v. *Gray*, 8 Ga. 341 ; *Wells* v. *Stout*, 9 Cal. 494 ; *Gaines* v. *Poor*, 3 Met. (Ky.) 503 ; *Walker* v. *Walker, Exr.*, 9 Wall., 743. This contract is therefore one of a character that the court may recognize for some purposes. It is not necessarily and utterly void. In this case it is not invoked by the defendant as a bar to the restitution of the libellant to any of her conjugal rights. The separation grew out of trouble between the husband and wife. The alleged cause of divorce then existed in her favor, if it existed at all, and was known to her. In this situation, and after the separation, she, through the intervention of a trustee, agreed upon the terms as to property upon which she would live separate from her husband. This property, (including the money specified in the contract,) except, as is claimed, a portion of household furniture, was delivered or paid to and accepted by the trustee in her behalf. After all the other provisions as to what property and money she was to have, it was further provided in the contract as follows :—" And the said parties further agree to and with each other that they will not molest, disturb or trouble each other, or in any way publish or speak or circulate slanderous matter of or concerning each other, but live separate and

apart in a quiet and peaceable way, according to the true intent of these presents." He has substantially performed on his part, and she has received the benefits. The question about the household furniture seems to be one of difference as to what the contract covered in that respect, not a refusal to perform by the husband. The contract was not strictly a condonation of alleged wrongs. The wife, instead of forgiving her husband upon promise of better treatment, agreed with him upon terms of separation, which were satisfactory, and no complaint is now made in regard to them. Nearly two years afterwards this petition was brought.

In the English Ecclesiastical Courts it is held that a voluntary deed of separation between husband and wife is not *per se* a bar to a suit for a restitution of marital rights or to a petition for divorce. *Durant* v. *Durant*, 1 Hagg., 733, (3 Eng. Ecc. R., 310); 1 Bishop, s. 634, and n. 3. But there are other cases where the deed, taken in connection with the circumstances under which it was given, and under which the application for divorce was made, and with the conduct of the parties, was held to constitute a defence, and the application was denied. *Mathews* v. *Mathews*, 1 Swabey & Trist., 161; *Williams* v. *Williams*, 35 Law, J., decided in 1866. We think this case belongs to that class where the parties should be held to their own settlement; and that the deed of separation, under the circumstances, is a good defence to this petition. See *Brown* v. *Brown*, 5 Gill, 249; *Hunt* v. *Hunt*, 32 Law, J., Rep. 168; *J. G.* v. *H. G.*, 33 Md. 401.

The judgment of the County Court is affirmed.