JENNIE P. FOSDICK *vs.* CHARLES B. FOSDICK.

Articles of separation by husband and wife, which contain no express stipulation against divorce, are not *per se* a bar to a divorce prayed for by the injured party, for causes existing prior to the execution of the articles.

That the liberal divorce law of this State influenced a petitioner for divorce to come here does not make him any the less a domiciled inhabitant of the State, if he came here *bonâ fide* to reside permanently, and not merely to obtain a divorce and then return to his former home.

PETITION for divorce.

*Providence, July* 18, 1885.   DURFEE, C. J.   This is a petition for divorce on the charge of extreme cruelty.   The respondent makes three defences, namely : *first*, that the charge is not true ; *second*, that the petitioner was not, during the year before the preferring of her petition, a domiciled inhabitant of this State ; and, *third*, that the parties have agreed to articles of separation which have been duly executed.   The questions raised by the first two defences are questions of fact.   We think it is enough to say of them that, in our opinion, both of them, on the evidence, must be decided in favor of the petitioner.   The fact that the liberal divorce law of this State was one of the inducements which led the petitioner to come here is certainly calculated to awaken suspicion ; but nevertheless it does not make her any the less a domiciled inhabitant of the State, if she came here *bonâ fide* for the purpose of making the State her permanent home, and not simply to get a divorce, and then return again to her former home in New York. We will therefore pass to the consideration of the third defence. The articles of separation were agreed to and embodied in the deed of separation, February 14, 1883, after the treatment complained of as amounting to extreme cruelty had been received, and when the parties were already living apart.   The validity of the deed is not questioned.   It is admitted that the sums agreed to be paid as a provision for the wife have all been paid as agreed.   The respondent contends that, in these circumstances, the petitioner is obligated to keep the articles on her part in good faith, and that, inasmuch as they contemplate not a divorce, but a continuance of the marital relation, they must be taken to be a complete bar to the petition.   In support of his position, he cites *Squires* v.

*Squires*, 53 Vt. 208 ; also 38 American Reports, 668, which holds that when articles of separation have been agreed to and fully performed by the husband, a divorce will not be granted at the suit of the wife for cruel treatment received before the agreement was made. The authority which is cited by the court in *Squires* v. *Squires* in support of the decision, is *Mathews* v. *Mathews*, 3 Swab. & Trist. 161, and *Williams* v. *Williams*, L. R. 1 Prob. & Div. 178. The doctrine of the latter cases, however, is not that articles of separation are *per se* a bar to divorce for causes previously existing and known to the petitioner, but only that they may be taken in connection with lapse of time and other circumstances as evidence to show that the petitioner is not prosecuting the petition in good faith, and is therefore not entitled to the *favorable* consideration of the court. With the exception of *Squires* v. *Squires*, all the cases, both English and American, are to the effect that such articles are not *per se* a bar. *Beeby* v. *Beeby*, 1 Hagg. Ecc. 789 ; *Nash* v. *Nash*, 1 Hagg. Consist. 140 ; *Rogers* v. *Rogers*, 4 Paige, 516 ; *J. G.* v. *H. G.* 33 Md. 401 ; *Anderson* v. *Anderson*, 1 Edw. Ch. 380 ; *Kremelberg* v. *Kremelberg*, 52 Md. 553, 557 ; *Wilson* v. *Wilson*, 40 Iowa, 230. The case of *Brown* v. *Brown*, 5 Gill, 249, which has been thought to hold otherwise, is explained in *J. G.* v. *H. G. supra.* We can think of no ground on which such articles can be held to be a bar, unless they can be held to rest on an implied condition that the marital relation shall continue notwithstanding the separation. But is any such implication warranted ? We think not, where the agreement is only an agreement for separation, with provision for the injured party. Such an agreement is not inconsistent with divorce, for divorce is only a more absolute separation. It is reasonable to suppose that such a condition, if it had been intended, would have been expressed. It follows that the agreement, whatever effect we might give to it, if it were subject to such a condition, is no bar, and that the divorce, the cause alleged being proved, must be granted.

*Francis B. Peckham*, for petitioner.

*Edward H. Hazard & Charles H. Parkhurst*, for respondent.