JOHN WINN *vs.* FREDERICK C. SANFORD.

Nantucket.　October 23, 1888. — November 28, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Husband and Wife — Separate Maintenance — Bond — Public Policy — Surety — Evidence — Laches.*

A wife left her husband in 1875, and afterwards, upon his paying her a sum of money in settlement of their differences, gave a bond to him, with surety, to release dower when requested, and to make no further claim upon him "for any support, or for any cause whatever." She continued to live separate from him, and subsequently, in 1881, filed another petition for separate maintenance, and the husband, pending an appeal from a decree in her favor, was obliged under order of court to pay out moneys on her behalf. In 1882 he filed a libel for divorce for the desertion of 1875, and subsequently, by agreement of parties, her petition was dismissed, and he procured the divorce, as alleged, by fraud and collusion. *Held,* in an action on the bond brought by the husband in 1886 to recover such moneys of the surety, that there had been a breach of the bond for which he could recover; that the bond was not void as against public policy; and that the husband was under no obligation to the surety not to procure a divorce even by fraud, or to preserve the wife's rights in his property.

CONTRACT on a bond dated October 23, 1875, signed by Susan B. Winn, the former wife of the plaintiff, as principal, and by the defendant as surety, and containing the following condition: "The condition of this obligation is such, that whereas, in a settlement of differences between said John Winn and Susan B. Winn, it was agreed by said Susan B. Winn, and on her behalf, that she should give to said John Winn a bond with surety ' to release dower whenever requested, and make no further claim on said John Winn for any support or for any cause whatever.' Now, therefore, if the said Susan B. Winn shall, whenever requested, sign release of dower in any real estate of said John Winn, and shall make no further claim upon him for any support, or for any cause whatever, then this obligation shall be void, otherwise it shall be and remain in full force and virtue."

Writ dated July 9, 1886. Trial in the Superior Court, without a jury, before *Dunbar*, J., who allowed a bill of exceptions, which, so far as material, was as follows.

The plaintiff and Susan B. Winn were married in 1871, and on June 9, 1875, she left him, and filed a petition for separate

maintenance. Subsequently, a settlement of the proceedings was effected, the bond in suit being given in pursuance of an agreement between them, dated October 22, 1875, as follows: " It is agreed in this petition that the petitioner shall receive three hundred dollars, and upon payment of said sum the respondent shall receive a bond signed by the petitioner and a responsible party to release dower whenever requested, and make no further claim upon the respondent for any support, or for any cause whatever."

In 1881, the wife, who had continued to live separate from the plaintiff, filed a petition in the Probate Court for separate maintenance, and, pending an appeal from a decree in her favor, the plaintiff paid out under an order of court various sums on her behalf. On August 1, 1882, the plaintiff filed a libel for divorce against his wife, for her alleged desertion, beginning on June 24, 1875; and early in 1883, by agreement of the parties, her petition for separate maintenance was dismissed and the probate decree reversed. The wife's appearance in the divorce suit was then withdrawn, and a divorce *nisi* was granted to the plaintiff, which was made absolute on October 29, 1883.

The defendant offered evidence tending to show that the divorce was procured by the plaintiff by fraud and collusion with his wife, and that the divorce, by discharging property rights of the wife in her husband's estate, had injuriously affected the defendant's means of reimbursement as surety. The judge excluded this evidence, and the defendant excepted.

The defendant requested the judge to rule: 1. That the sums paid out by the plaintiff under order of court in 1881 could not be recovered, because the defendant had had no notice of the proceedings, and because the plaintiff was guilty of laches in bringing his action. 2. That the circumstances of bringing the libel for divorce and obtaining a decree absolute under it annulled the bond, and the defendant could not be made liable under the bond for expenses incurred subsequent to the filing of the libel. 3. That in procuring the divorce the plaintiff thereby injuriously affected the position of the defendant as surety, and his means of indemnity and reimbursement from Mrs. Winn as wife of the plaintiff. 4. That the bringing of the libel by the plaintiff, relying upon causes that existed prior to the bond and were

a part of the differences included in the settlement of which the bond was a part, reopened such causes, and was a waiver by the plaintiff of the bond and a discharge of the defendant from all further liability in respect thereof. 5. That the bond, having been given in view of and to accomplish the future separation of the plaintiff and his wife, was illegal and against public policy, and could not be enforced against the defendant. The judge refused so to rule, but ruled that the plaintiff could recover the payments made by him on behalf of his wife under order of court, and found for the plaintiff; and the defendant alleged exceptions.

*L. LeB. Holmes,* (*E. D. Stetson* with him,) for the plaintiff.

*J. Brown,* for the defendant.

W. ALLEN, J. The plaintiff's wife had left him, and they were living apart. She had brought a petition against him for separate maintenance. The parties agreed to settle, upon the terms that the husband should pay a sum of money, and the wife should give a bond with surety to release dower in his estate when requested, and to make no further claim on him for support, or for any cause. The money was paid, and the bond was given accordingly. This action is against the surety on the bond. It was held in *Winn* v. *Sanford,* 145 Mass. 302, that it is no defence to the action that the principal in the bond is the wife of the obligee.

It is now objected that the bond is void, as against public policy. The petition by the wife was under a statute which recognized the *status* of separation of the husband and wife, and which gave to the wife a proceeding to enforce a right of separate maintenance. The wife was under no obligation to commence or prosecute proceedings, or in any way to assert her right to separate support from her husband. She could settle a pending suit, and she could release or discharge the right. As relating to the claims of the wife upon the property of her husband while the separation continued, we can see no objection to the validity of the agreement, and we are not called on to determine what its effect would be if the separation should be terminated or its character changed by future cohabitation of the parties, or offer of the wife to return to cohabitation. The validity and effect of this agreement to prevent the wife from

using the husband's credit while the separation continued was settled in *Alley* v. *Winn,* 134 Mass. 77. In that case the husband successfully defended against an action for necessaries furnished to the wife.

Subsequently, the wife made application to the Probate Court, under the statute, and procured a decree for the payment of money for her support, which was reversed in this court on appeal. This suit is for moneys which the husband was obliged to pay on the decree pending the appeal. It is immaterial that the reversal of the decree was by agreement of the parties. The husband was. obliged, on the demand of the wife, to pay money for her support while they were living apart under a valid agreement that she should make no claim upon him, and the condition of the bond was broken. The plaintiff was under . no obligation to the defendant not to procure a divorce, or not to procure it by fraud and deceit, or to preserve the right of his wife to dower or to a distributive share in his estate. He was under no contract or obligation to the defendant to see that the principal in the bond should have the means of indemnifying him out of the plaintiff's property or otherwise. We see no error in any ruling, or refusal to rule, of the court.

*Exceptions overruled.*