EMMA I. WEBB, Appellant, v. ELIJAH T. WEBB,
Respondent.

St. Louis Court of Appeals, March 10, 1891.

Divorce: INDIGNITIES: CONDUCT OF COMPLAINANT.   When a divorce is
sought on the ground of indignities rendering the condition of the
complainant intolerable, and the alleged indignities consist of
wranglings and exhibitions of temper, due to the lack on the part
of both husband and wife of a proper conciliatory spirit, the
divorce should not be granted.   In a case of this character, the
indignities must be frequent, and not isolated, and they must be of
such a nature as to tend to the subversion of the family relation;
and it must further appear that the complainant is the innocent
and injured party.

*Appeal from the Newton Circuit Court.*—HON. JOSEPH
CRAVENS, Judge.

AFFIRMED.

*Thomas & Hackney, J. B. Johnson* and *Reynolds
& Lewis,* for appellant.

*George Hubbert* and *Phelps & Brown,* for respond-
ent.

BIGGS, J.—Action for divorce by wife.   The grounds
alleged were indignities of a character to render the

plaintiff's condition intolerable. The defendant filed a cross-bill making counter charges of a like character, to which was added the charge of desertion. The circuit judge dismissed both the petition and cross-bill. From this decree the plaintiff has prosecuted an appeal.

The record in this case is very voluminous. We have read it, and have arrived at the conclusion, that both parties have failed to appreciate and observe the obligations imposed by their marriage contract. This was evidently the view of the circuit judge, and we must affirm his judgment.

It is not our intention to embody in this opinion a discussion of the evidence in order to justify our conclusion. To do so would only perpetuate, in a public way, the details of the domestic troubles and broils of two very respectable persons. However, we deem it but justice to the parties to say that, aside from their mutual wranglings and unseemly exhibitions of temper, their lives seem to have been quite exemplary. Uncontrolled tempers, and the lack of a conciliatory spirit, seem to have been at the foundation of all their troubles. To these may be added the unwarranted interference of outsiders, which, to some extent, served to aggravate matters. Domestic unhappiness, which is produced by such conduct, will not justify any court in granting a divorce. The marriage contract requires the parties to make concessions, the one to the other. Married life is made up of compromises, and each spouse is expected to submit to the ordinary infirmities of human nature. In cases like the one under consideration the indignities must be frequent, and not isolated, and they must be of such a nature as to tend to the subversion of the family relation. In addition to this, it must appear that the complainant is the innocent and injured party. The court, which stops short of this in granting a divorce, fails in its duty to the state and to society.

The judgment of the circuit court will be affirmed. All the judges concur.