B. P. CLARK, Respondent, v. MARY CLARK, Appellant.

**Kansas City Court of Appeals, May 2, 1910.**

1. **DIVORCE: Indignities: Sufficiency of Evidence.** Under the evidence in this case there was sufficient ground to support a decree of divorce on the charge of indignities amounting to a species of mental cruelty.

2. ———: ———: **Articles of Separation.** Articles of separation are no bar to a divorce, unless the ground of divorce be abandonment.

3. ———: ———: ———: **Appellate Practice.** In the trial of such a case the appellate court defers much to the finding of the trial judge on a dispute of facts.

Appeal from Harrison Circuit Court.—*Hon. G. W. .Wannamaker,* Judge.

AFFIRMED.

*Wilson & Wilson* for appellant.

(1) The separation agreement was a bar to the action for divorce. Simpson v. Simpson, 31 Mo. 24; Dwyer v. Dwyer, 16 Mo. App. 422. The evidence did not establish indignities within the meaning of the statute. (2) All of it amounted simply to the wrangling due to lack of conciliatory temper of both parties. It was not an indignity. Holschbach v. Holschbach, 134 Mo. App. 257; Webb v. Webb, 44 Mo. App. 229; Griesedieck v. Griesedieck, 56 Mo. App. 94. (3) An

indignity to be intolerable in the statutory sense, must amount to a species of mental cruelty. Holschbach v. Holschbach, supra; Goodman v. Goodman, 80 Mo. App. 274.

*J. W. Peery* for respondent.

(1) In a case of this kind the appellate court should defer much to the finding of the trial court. Gillespie v. Gillespie, 28 Mo. 598; Stevenson v. Stevenson, 29 Mo. 95; Nichols v. Nichols, 39 Mo. App. 291; King v. King, 42 Mo. App. 454; Wald v. Wald, 119 Mo. App. 347; Griesedieck v. Griesedieck, 56 Mo. App. 98. (2) The ordinary and usual provisions of a deed or articles of separation do not preclude either party from maintaining an action for divorce. Clark v. Fosdick, 118 N. Y. 7, 22 N. E. 1111; J. G. v. H. G., 33 Md. 401; Fosdick v. Fosdick, 15 R. I. 130, 23 Atl. 140; Wood v. Wood, 5 Ired. 674; Stokes v. Stokes, 1 Mo. 320; Anderson v. Anderson, 1 Edw. Ch. 380; Win v. Sanford, 148 Mass. 39, 18 N. E. 677; Rogers v. Rogers, 4 Paige Ch. 516; Franklin v. Franklin, 154 Mass. 515, 28 N. E. 681; 2 Bish. Mar. Div. and Sep. (Ed. 1891), secs. 445, 243, 244, 288, 331; 1 Bish. Mar. Div. and Sep. (Ed. 1891), sec. 1282; Eby v. Eby (Com. Pl.), 17 Pa. Co. Ct. R. 269; Lemmert v. Lemmert, 103 Md. 57, 63 Atl. 380; Oglivie v. Oglivie, 37 Or. 171, 61 Pac. 627. (3) Of course, neither party to a deed, or contract, or agreement of separation, can, during the separation thereunder, maintain a suit against the other for divorce on the ground of desertion or abandonment. Rodgers v. Rodgers, 84 Mo. App. 197; Barclay v. Barclay, 98 Md. 366, 56 Atl. 804; Power v. Power, 65 N. J. Eq. 93, 55 Atl. 111; M'cAlister v. McAlister, 62 Atl. 1131. (4) The indignities contemplated by the divorce law as authorizing a decree of separation, consist of unmerited contemptuous conduct; any act towards another which manifests contempt for

him; contumely, incivility or injury, accompanied with insult and amounting to a species of cruelty of the mind. Lynch v. Lynch, 87 Mo. App. 37; Goodman v. Goodman, 80 Mo. App. 281; Brown v. Brown, 53 Mo. App. 460.

BROADDUS, P. J.—This is a suit for divorce. The plaintiff bases his right to a divorce on the ground of indignities. They are substantially as follows: That immediately after his marriage to defendant she commenced a tirade of abuse against plaintiff, calling him mean names, and kept up a system of quarreling to such an extent that it become unbearable; "and would often call the plaintiff an 'old devil,' and it was a very common thing for her to say she hated him worse than the devil himself." That within about a week or ten days after plaintiff and defendant were married she commenced to nag at plaintiff and repeatedly asked him if he was dissatisfied and always telling him if he was dissatisfied that she would let him off. Finally plaintiff said to her, "You married me to get what I have got, did you?" And to this she said, "Yes, and intend to bleed you for all there is in you." And further plaintiff alleges "that the defendant often during the time they lived together, would wake plaintiff up during the night and commence to abuse him because he snored in his sleep, and would tell him that he snored worse than any old boar, or sow." After stating other incidents of abuse heaped upon him by defendant, the petition alleges, that it seemed to be the delight of defendant to call him a stray devil or stray dog. Defendant has frequently told plaintiff "that if she were rid of him, or 'shut' of him, there was three men in McFall, that she could marry, either one of them, before the next day night; and that either of them was worth $40,000. And that it would be the happiest day of her life when she got rid of him."

The defendant asserts that she filed a demurrer to the petition but that it was overruled by the court. We do not find any reference to it in the record. However defendant insists as a part of her case that the alleged indignities set forth in the petition are not sufficient under the statutes to authorize the court to grant the plaintiff a divorce.

The answer after admitting the marriage and that the parties lived together for a stated time, denied the other allegations of the petition, and then plead articles of separation, which were entered into between the parties on June 26, 1908, as a bar to plaintiff's right to a divorce.

The marriage occurred on the 23d day of December, 1906, and the parties lived together until the 26th day of June, 1908. The plaintiff was a widower, the father of twelve children, four of whom resided at his home. He was sixty-two years of age. The defendant was a widow about fifty-seven years of age and without children. A few months prior to the marriage she had gone to the home of plaintiff under a contract of employment as his housekeeper, in which employment she continued until such marriage occurred.

The testimony of plaintiff tended to show a course of abusive and contemptuous treatment of him by defendant, beginning shortly after their marriage and continuing until they finally separated. She applied to him more than once, vulgar and indecent names in the presence not only of members of his own family, but also in the presence of others. On cross-examination of plaintiff and by the introduction of other witnesses defendant introduced into the case repulsive and scandalous charges as to the brutal conduct of plaintiff towards herself, all of which plaintiff denied. These charges were uttered by defendant in the neighborhood in which the parties lived. On one occasion she said

to plaintiff in the presence of a member of his family: "Well, I didn't know when I married you that I was marrying a jackass or a stud horse." Plaintiff testified that soon after the marriage his wife began to talk of leaving him and that "she intended to bleed him for every cent there was in him;" that she was determined to leave him and go to St. Louis to keep house for an unmarried man; that she insisted upon plaintiff sending or taking her to the railroad for that purpose; and said, that she wished he was dead and in hell. It was shown that they often quarreled, but it did not appear than plaintiff was the aggressor in such quarrels. Other evidence tended to show that defendant's conduct to plaintiff was calculated to destroy the peace of his household.

On the other hand defendant's evidence tended to contradict that of the plaintiff as to her treatment of him and to show bad treatment towards herself on the part of plaintiff.

On the 23d day of June, 1908, the parties entered into a written agreement to separate. The agreement provides that defendant shall take all the personal property she brought to plaintiff's home; that plaintiff pay her three hundred dollars in cash and a fee of twenty-five dollars to her legal counsel, in consideration of which she released all claim to dower in his real estate, to a homestead, maintenance, alimony, suit money, or attorney's fees, etc. On his part plaintiff releases all claim to any property of the defendant, etc. By the terms of the agreement plaintiff was to remove defendant's effects to a certain place designated, and that until they were so removed she was to remain at the home in peace, and without molestation by plaintiff.

The agreement was duly acknowledged by the parties and the separation was had according to its terms.

The court granted plaintiff's prayer for a divorce and the defendant appealed.

One of the contentions of defendant's is that be-

cause of the said agreement to separate, the marriage relation assumed by the parties cannot be severed by a decree of divorce. This would be true if a decree was sought on the ground of abandonment. [Simpson v. Simpson, 31 Mo. 24.] And it is held that: "Neither husband nor wife can make a separation, which was begun and prolonged by their common act and consent, and which neither have ever made an effort to terminate, a ground of complaint for divorce from the other." [Gilmer v. Gilmer, 37 Mo. App. 672.] But we are not dealing with a case bottomed on abandonment.

Among the first cases contained in our reports it was held that: "A deed of separation is no bar to an application for a divorce; and adultery committed by either party after such separation, is a good cause for divorce." [Stokes v. Stokes, 1 Mo. 320.]

In the absence of special matter in articles of separation, they are not a bar to any form of suit for divorce. [Bishop on Marriage and Divorce, vol. 1, sec. 445.] A voluntary deed of separation is not a bar to a suit for a divorce. [Lemmert v. Lemmert, 103 Md. 57, 63 Atl. 380.]

In Fosdick v. Fosdick, 15 R. I. 130, the court in passing on a similar case said: "We can think of no ground on which such articles can be held to be a bar, unless they can be held to rest on an implied condition that the marital relation shall continue notwithstanding the separation. But is any such implication warranted? We think not, where the agreement is only an agreement for separation, with provision for the injured party. Such an agreement is not inconsistent with divorce, for divorce is only a more absolute separation. It is reasonable to suppose that such a condition, if it had been intended, would have been expressed. It follows that the agreement, whatever effect we might give to it, if it were subject to such a condition, is no bar, and that the divorce, the cause alleged being proved, must be granted.

The other ground of objection against the decree is that the allegation and proof are not sufficient to authorize a divorce on the ground of indignities. It is said that: "Wrangling due to lack of conciliatory temper in both parties, is not an indignity." [Holschbach v. Holschbach, 134 Mo. App. l. c. 257 (citing Webb v. Webb, 44 Mo. App. 229, and other cases).] An indignity to be intolerable in a statutory sense, must amount to a species of "mental cruelty." [Goodman v. Goodman, 80 Mo. App. 244.]

The evidence going to show, that during almost the entire time she lived with plaintiff, as his wife, defendant was in the habit of quarreling with him and accusing him in the presence of others, and accusing him in the presence of others of brutal conduct towards herself, and repeating such charges to persons in the neighborhood, we think makes out a more serious case than "wrangling due to lack of conciliatory temper in both the parties," and amounted to a species of "mental cruelty."

The accusation of defendant in the presence of one of his own family that she did not know that when she married him she had married a jackass or a stud horse, and to tell the neighbors that his conduct to her was brutal, considered in connection with her habit of abusing him and calling him vile names, we believe, to put it mildly, would amount to indignities.

As the evidence was conflicting we defer much to the finding of the judge who tried the case. Both parties with their witnesses were before the court, and their conduct and manner of testifying had no doubt much to do with the judge's decision; and as there was much substantial evidence justifying the decree we do not think we would be justified in disturbing it.

The petition is somewhat indefinite as to the charge of indignities but we think it is sufficient after trial and judgment. Affirmed. All concur.