JAMES CANNING v. MARTHA CANNING.

January Term, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed February 11, 1914.

*Husband and Wife—Divorce—Defences—Separation Agreement
—Construction and Effect—Rescission—Condonation.*

A separation agreement directly between husband and wife, made
before separation, reciting that it was made because the marital
relations of the parties were not pleasant, and providing that the
parties should live apart during their lives, that the husband
should pay the wife $6 a week during his life, but, in case of his
death within four years, then only for four years, by which the
husband waived all right to the wife's property, and she released
all interest in his real estate, and agreed to contract no bills on his
credit, cannot be construed as an agreement not to sue for separa-
tion for a pre-existing cause unknown to the innocent party.

It is doubted whether such a contract, made between husband and wife
without the intervention of trustees, can be upheld at law;
whether, in the absence of allegations that the separation had
already taken place, or was fully decided upon prior to and apart
from the contract, it could, in any event, be a bar to a petition for
divorce; and whether such an agreement, so far as it stipulates
against cohabitation, should not be held void, as against public
policy.

A valid separation agreement between husband and wife does not bar
a subsequent petition for divorce on the ground of adultery un-
known to the petitioner when the contract was made, nor, in the
absence of an express stipulation against a suit for divorce for
pre-existing causes then known to the other party, prevent either
party from maintaining against the other a suit for a divorce,
either absolute or limited, whether the cause therefor occurred
before or after such agreement, except that such suit, on the
ground of abandonment or desertion occurring in accordance with
such agreement, cannot be maintained. *Squires* v. *Squires*, 53 Vt.
208, explained and distinguished.

An agreement for separation and provision for the wife is not inconsistent with a subsequent divorce, for divorce is only a more absolute separation.

Unless expressly so stipulated, a separation agreement between husband and wife does not amount to a condonation of pre-existing causes of divorce, and in no event could there be condonation of such a cause then unknown to the innocent party.

Where husband and wife have made a separation agreement, his subsequent petition for a divorce is not dependent on his rescission of that agreement, because, if valid, it might be effective, notwithstanding the divorce, so far as it stipulated for the wife's support.

PETITION for divorce. Heard at the March Term, 1913, Washington County, *Fish* J., presiding, on petitionee's demurrer to petitioner's replication. Demurrer overruled and replication adjudged sufficient, to which the petitionee excepted. Case passed to the Supreme Court before hearing on merits. The opinion states the case.

*Theriault & Hunt* for the petitionee.

*Fred L. Laird* and *Senter & Senter* for the petitioner.

TAYLOR, J. This is a petition for divorce from bed and board. The petitionee pleaded in bar articles of separation. To this plea the petitioner replied that the cause alleged in his petition was unknown to him at the time of the execution of the separation agreement. To the replication the petitionee demurred. The court below overruled the demurrer and adjudged the replication a sufficient answer to the plea and that the petitioner might maintain his petition for divorce, to which the petitionee was allowed an exception and the cause passed to this Court before final hearing.

The plea alleges, in substance, that on the 24th day of October, 1907, because of the fact that the marital relations between the petitioner and petitionee were not pleasant, and being unable to live happily as husband and wife, they entered into the following agreement:

"An agreement, made and entered into by and between James C. Canning, of Montpelier, in the County of Washington and State of Vermont, of the first part, and Martha Canning,

of said Montpelier, in the County of Washington and State of Vermont, of the second part.

Witnesseth: That whereas the said James C. Canning and Martha Canning, being husband and wife, and whereas their marital relations are not pleasant; therefore, in consideration of the covenants, agreements, grants, releases and stipulations hereinafter expressed, agreed upon and consented to, the said James C. Canning and Martha Canning are to separate and live separately and apart from each other until said marital relations are severed by the decease of one or the other of said parties.

In consideration of the covenants and agreements hereinafter set forth, the said James C. Canning hereby agrees to pay, or cause to be paid, to the said Martha Canning the sum of six dollars per week, said sum to be paid to the said Martha Canning every week during the lifetime of the said James C. Canning, but if the said Canning should decease within four years from the date of this instrument, then the said six dollars per week is to be paid out of his estate up to a period of four years from October 24th, A. D. 1907.

The said James C. Canning, for himself and his heirs, further agrees, for the consideration hereinafter expressed to remise, release and waive any and all claims to any property, real or personal, which he might have or would have in and to the property of the said Martha Canning, as her husband.

The said Martha Canning, for herself, her heirs and assigns, for the consideration of the agreements above set forth, to be performed by the said James C. Canning, agrees as follows: to accept said six dollars per week during the lifetime of the said James C. Canning; to release all her right, title and interest to and in the real estate of the said James C. Canning by signing, as wife of the said James C. Canning, a deed conveying said real estate to C. P. Pitkin and Antoine Galaise in trust and as trustee for the said James C. Canning; to remise, release and waive any and all claims she may or might have in and to the estate of the said James C. Canning, as his wife, or, at his decease, as his widow; to contract no bills in the name of the said James C. Canning from the date of the execution of this instrument; to vacate the house of the said James C. Canning, located on North Street, in the City of Montpelier, immediately upon the execution of this agreement.

Both of said parties, by this instrument, mutually agree to live apart, and separately from each other during their natural lifetime, and at the decease of either the other shall make no

claim to, or assert any interest in, the property of the deceased.
Dated October 24th, A. D. 1907.

JAMES CANNING (L. S.).
MARTHA CANNING (L. S.).

In the presence of
FRED L. LAIRD,
MARY CANNING.''

The plea further alleges that the petitionee has fully performed said agreement on her part and that the same is in full force and effect. One of the alleged grounds of divorce is adultery claimed to have been committed by the petitionee prior to the date of the separation agreement. In his replication the petitioner alleges that at the time of making the pretended agreement for separation, set forth in the petitionee's plea, he had no knowledge, information or belief as to the fact that the petitionee had committed the crime of adultery, as alleged in his petition for divorce.

The petitionee contends that the agreement pleaded is an undertaking on the part of both parties to remain husband and wife, living separate and apart from each other, until the death of one of them. Conceding that the agreement amounts to an undertaking to remain husband and wife ''until death doth us part,'' it is, in that behalf, but a confirmation of their marriage vows. It contains no express promise not to sue for separation for causes afterwards arising and we think cannot be construed into an agreement not to do so for a pre-existing cause unknown to the innocent party.

The petitionee relies upon *Squires* v. *Squires,* 53 Vt. 208, 38 Am. Rep. 668, in support of her claim that the agreement is a bar to this petition. That was a libel for divorce on the ground of intolerable severity and the contract was entered into after the separation had occurred through the intervention of a third person acting for the wife. From the very nature of the alleged cause of divorce it must have occurred before the separation and must have been known to the petitioner at the time of the agreement was entered into. In the case at bar the alleged cause for divorce, though antedating the agreement, was then unknown to the petitioner. Unlike the Squires' case the agreement is not by a third party on behalf of the wife but is a contract between husband and wife alone; moreover, in this case the separation had not occurred and it does not

appear that it was then imminent. It was said in the Squires' case: "It is not the policy of the law to encourage separation between husbands and wives. The rule established in many cases is that articles calculated to favor a separation which has not yet taken place will not be supported."

The argument in the case at bar proceeded upon the theory that the separation agreement is a valid contract. We think there is room for doubt, (1) whether such a contract entered into between husband and wife without the intervention of a third person can be upheld at law. 1 Bish. Mar., Sep. & Div. §1286; P. S. 3037; *First National Bank of Montpelier* v. *Bertoli*, 87 Vt. 297, 39 Atl. 359, and cases cited; Monographic note to *Baum* v. *Baum*, 83 Am. St. Rep. 859, and cases cited; (2) whether in the absence of allegations that the separation had already taken place, or was fully decided upon prior to and apart from the contract, the plea could be regarded, in any event, as an answer to the petition for divorce. (See note to *Baum* v. *Baum, supra,* and cases cited); (3) and whether it should not be held that agreements for separation between husband and wife, so far as they stipulate against cohabitation, are against public policy and so in that respect void and of no force in law. *Luttrell* v. *Boggs,* 168 Ill. 361, 48 N. E. 171; note to *Baum* v. *Baum.* Bishop in his treatise on Marriage, Separation and Divorce sums up the law on this subject thus: "The law is a harmonious system, and what it forbids the courts to do with the consent of the parties, it does not permit the parties to do out of court. It has always forbidden judicial divorces on default of defendants, on their acknowledgments in and out of court, or on their and the plaintiff's agreements. Marriage is a public institution as well as private; the public is in effect a party to every marriage and every divorce; and two persons who have united in matrimony cannot by their mutual consenting create a separation even from bed and board,—for this is an act requiring also the sanction of the third party, the public. In circumstances pointed out by the laws, the courts will give this sanction in the form of a judicial decree. So that bargaining for a separation, made simply between the married parties, whether with or without the intervention of a trustee, are nugatory. But there is no public interest which under any circumstances forbids a husband to maintain his wife, or invalidates his contracts to provide for her a support. So that articles

of separation are good as provisions for maintenance, but not as a bar to cohabitation." 1 Bish. Mar., Sep. and Div. §1312.

But as the case can be disposed of without deciding those questions we leave them for consideration when a case is presented in which they are argued. Treating the separation agreement as valid, still it does not bar the petition for divorce on the ground of adultery unknown to the petitioner at the time he entered into the agreement. Such an agreement when valid does not prevent either party from maintaining against the other an action for divorce, either limited, as in this case, or absolute, whether the cause therefor occurred before or after such agreement was entered into, unless, perhaps, as to pre-existing causes the agreement expressly stipulates against suit for divorce on grounds known to the other party at the time of the agreement. 2 Bish. Mar., Sep. and Div. §445; *Clark* v. *Fosdick,* 118 N. Y. 7, 22 N. E. 1111, 6 L. R. A. 132, 16 Am. St. Rep. 733; *J. G.* v. *H. G.,* 33 Md. 401, 3 Am. Rep. 183; *Fosdick* v. *Fosdick,* 15 R. I. 130, 23 Atl. 140; *Winn* v. *Sanford,* 148 Mass. 39, 18 N. E. 677, 1 L. R. A. 512; *Franklin* v. *Franklin,* 154 Mass. 515, 28 N. E. 681, 13 L. R. A. 843, 26 Am. St. Rep. 266; *Walker* v. *Walker,* 14 Cal. 487, 112 Pac. 479; *Archbell* v. *Archbell,* 158 N. C. 408, 74 S. E. 327, Ann. Cas. 1913, D. 261; *Clark* v. *Clark,* 143 Mo. App. 350, 128 S. W. 218; *Lemmert* v. *Lemmert,* 103 Md. 57, 63 Atl. 380.

This rule is doubtless subject to the limitation that divorce for abandonment or desertion accruing after the separation contract cannot be maintained. *Clark* v. *Clark, supra.*

When rightly understood *Squires* v. *Squires* does not hold that a separation agreement necessarily bars a subsequent petition for divorce. The holding goes no further than saying in effect that in a particular case, but not always or as of course, a separation contract taken in connection with the circumstances under which it was made and under which the petition for divorce is brought, may operate as a defense to a divorce suit for a cause known to exist at the time such contract was executed. The opinion concludes with these words: "We think this case belongs to that class when the parties should be held to their own settlement; and that the deed of separation *under the circumstances* is a good defense to this petition." After correctly stating the common-law rule that a voluntary deed of separation is not *per se* a bar to a petition

32

for divorce, the opinion proceeds: "But there are other cases where the deed taken in connection with the circumstances under which it was given and under which the application for divorce was made, and with the conduct of the parties, was held to constitute a defence." The doctrine of the cases cited is not that the articles of separation are *per se* a bar to a divorce for causes previously existing and known to the petitioner, but only that they may be taken in connection with lapse of time and other circumstance as evidence to show that the petitioner is not prosecuting the petition in good faith and therefore not entitled to the favorable consideration of the court. Excepting the case of *Squires* v. *Squires,* all the cases both English and American are to the effect that such articles are not *per se* a bar. Note to *Squires* v. *Squires,* 38 Am. Rep. 668, and cases cited. As is said in *Fosdick* v. *Fosdick, supra:* "There is no good reason on which such articles can be held to be a bar unless they can be held to rest on an implied condition that the marital relation shall continue notwithstanding the separation. * * * An agreement for separation and provision for the wife is not inconsistent with divorce, for divorce is only a more absolute separation."

The petitionee contends that the separation agreement operates as a condonation of the pre-existing cause for divorce. It may be that under special circumstances and when expressly stipulated in the contract it would amount to a condonation. 1 Bish. Mar., Sep. and Div. §1282. In the ordinary case of separation, instead of condoning, or forgiving, the guilty party, the wrong remains unforgiven and is the moving cause of the separation; so it is said that "unless expressed in special terms" such an agreement does not amount to a condonation. But to have condonation there must be knowledge. When, as here, the wrong was unknown at the time of the contract, it cannot in any possible view of the contract be held to have been condoned thereby. 2 Bish. Mar., Sep. and Div. §269.

The petitionee contends that the bringing of the petition for divorce is an attempt to rescind the agreement which the petitioner cannot do until he has restored what he received under it. But we do not think the right to maintain the petition is dependent upon a rescission of the agreement. If valid, it may, notwithstanding the divorce, still be effective so far as it stipulates for future support of the wife. Besides the county

court has ample power to make a just allowance for the wife in view of any property rights she may have relinquished under the contract in case a decree of separation is awarded. 1 Bish. Mar., Sep. and Div. 1633; P. S. 3074, 3098.

The judgment below was in accordance with these views.

*Judgment affirmed and cause remanded.*