## LEAH SILVERMAN *vs.* SIMON SILVERMAN.

Bristol. Oct. 28, 1885. — Jan. 11, 1886. FIELD & C. ALLEN, JJ.,
absent.

It is no bar to a petition, under the Pub. Sts. *c.* 147, § 33, by a wife, that her hus-
band be ordered to provide for her support, that, for a valuable consideration
received and retained by her, she has executed an instrument releasing him from
all claim by her on him for support, and agreeing to indemnify him from any
such claim.

PETITION to the Probate Court, under the Pub. Sts. *c.* 147,
§ 33, alleging that the petitioner was the wife of Simon Silver-
man; that her husband failed, without just cause, to furnish
suitable support for her, and had deserted her; and that the pe-
titioner, for justifiable cause, was actually living apart from her
husband; and praying that the court would prohibit the hus-
band from imposing any restraint on her personal liberty for
such time as the court should direct, or until the further order
of the court, and would make an order for the support of herself
and her minor child.

On this petition the judge of probate made a decree that the
petitioner have the custody of her minor child, and that Simon
Silverman pay the petitioner, after January 1, 1885, for the sup-
port of herself and minor child, three dollars a week, payable in
quarterly instalments.

At the hearing in this court, on appeal, *Field*, J., found the
following facts:

The parties were lawfully married to each other, and the hus-
band deserted the wife. In September, 1883, the wife executed
and delivered to the husband the following agreement under seal:
" Know all men by these presents, that I, Jennie Grabosky, of
Russ, Poland, in consideration of the sum of five hundred dol-
lars, lawful money of the United States, to me paid by Simon
Silverman of Boston, Massachusetts, do hereby grant, release,
assign, transfer, and convey unto the said Silverman all claims
and demands which I have or might claim against him, as well
as all action and actions, cause and causes of action, suits and
proceedings in law or equity which I have, or might now or at

any time hereafter sue, prosecute, or recover against him for my time, services, expenses, disbursements, or any other thing growing or coming out of our having at one time lived as husband and wife together in said Russ, Poland, although never united as husband and wife by any lawful ceremony, or by any magistrate, official, or ecclesiastical official, as well as the care, maintenance, and education of the child Susie Grabosky, born from our relations together. And for myself, my executors and administrators, I do hereby covenant and agree with said Silverman and his legal representatives, I, said Jennie Grabosky, and my said legal representatives, shall indemnify and save harmless the said Silverman and his legal representatives from all loss, cost, damages, and expenses whatsoever on account of all claims and demands which I may or might have or claim on account of the care in sickness or health, the maintenance and support of myself and said child, at any and all times hereafter, as well as the education of said child, but all of the same shall be at my sole charge and expense."

At the time this instrument was delivered, the wife received from her husband $500. She was then of full age; and the agreement was entered into by both parties understandingly, by the advice of the friends of each, after much negotiation; and it was understood by both parties that she should never thereafter call upon her husband for any support of herself or child, and that he should not be liable for any such support. At the same time there was given and accepted by her a paper, which was not produced, but which was called a Hebrew or Jewish divorce, which was signed or countersigned by a rabbi of the Jewish church from the city of New York, which she understood had the effect of divorcing the parties from the bonds of matrimony.

Upon these facts, the judge ruled, as matter of law, that the wife was not prevented from maintaining her petition; and affirmed the decree of the Probate Court. The respondent alleged exceptions to the ruling; and appealed to the full court.

*J. Brown*, for the respondent.

No counsel appeared for the petitioner.

Gardner, J. At the trial of this case, the court found, as facts, that the parties were lawfully married to each other; that

JANUARY, 1886.

the husband deserted the wife; and that she executed and delivered to him a release, for which he paid her $500.

It has been frequently decided by this court that husband and wife are incompetent to contract with each other, and that such contracts have no validity at law. *Bassett* v. *Bassett*, 112 Mass. 99. *Ingham* v. *White*, 4 Allen, 412. *Gay* v. *Kingsley*, 11 Allen, 345. *Roby* v. *Phelon*, 118 Mass. 541.

The petitioner is therefore not bound by the alleged contract which she has made with her lawful husband, and is not debarred thereby from the rights which she is seeking under her petition. The exceptions must therefore be overruled, and the

*Decree affirmed.*