JAMES A. BAILEY, JR., trustee, *vs.* IDA S. DILLON.

Suffolk.   December 15, 1903. — June 24, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Husband and Wife.   Contract,* Validity.   *Equity Jurisdiction.   Probate Court.*

A fair and voluntary contract between a wife and a trustee in behalf of her husband, under which the husband places in the hands of the trustee a fund for the support of his wife and the wife agrees that she will not make any further claim on her husband for support, is not void as against public policy.

A trustee for a husband, under a fair and voluntary agreement by which the husband has placed a fund for the support of his wife in the hands of the trustee and the wife has agreed that she will not make any further claim on her husband for support, cannot maintain a bill in equity against the wife to enjoin her from proceeding with a petition for support in the Probate Court, as the husband has a complete and adequate remedy by setting up the contract in the Probate Court as a bar to the petition.

The Probate Courts have full equity powers in regard to petitions for separate support.

Where a husband is seeking to enforce in equity a fair and voluntary agreement of his wife to accept a fund placed in the hands of a trustee for her separate maintenance and not to make any further claim on him for support, what would be the effect of the proof of a *bona fide* offer to return on the part of the wife, *quære.*

BILL IN EQUITY, filed September 16, 1903, to enforce an agreement, under which the plaintiff was trustee for William Dillon, against Ida S. Dillon, the wife of William, by restraining the further prosecution by the defendant of a petition for support in the Probate Court for the county of Suffolk.

The defendant demurred to the bill. The case was heard by *Braley*, J., who made a decree that the demurrer be sustained, and, the plaintiff not desiring to amend his bill, that the bill be dismissed, without prejudice to the right of William Dillon to plead the subject matter of the bill in proceedings now pending in the Probate Court mentioned in the bill. The plaintiff appealed from the decree.

*F. W. Kaan*, for the plaintiff.

*F. S. Hesseltine*, for the defendant.

MORTON, J. This case comes here on appeal by the plaintiff from a decree sustaining the defendant's demurrer and dismissing the bill. The bill is brought by the plaintiff on behalf of and for the benefit of one William Dillon, husband of the defendant, to enforce a separation agreement entered into between the defendant and her husband through the intervention of the plaintiff as trustee. The agreement is dated July 30, 1903, and, after reciting that the defendant has left her husband without his consent and threatens proceedings for her support, and that to avoid such proceedings and make full and final provision for her support, the said William has placed in the plaintiff's hands the sum of $500 and two promissory notes of $250 each which are to be collected and with the $500 paid over to the defendant, provides, evidently in consideration of the payment thus to be made, that the defendant will not, amongst other things, make any further claim on him for support. The bill alleges that the plaintiff has paid over to the defendant the $500, and that he and the said William have fully performed all things in said agreement contained to be by them performed, but that the defendant, in violation of her agreement, has instituted proceedings in the Probate Court for the county of Suffolk to compel the said William to contribute further to her support. The grounds of demurrer are, that the bill does not state a case for equitable relief, and that the matter can and should be heard and determined in the Probate Court. Copies of the agreement and

of the petition filed by the defendant in the Probate Court are annexed to the bill. The latter implies that a separation took place, and alleges, in substance, amongst other things, an offer to return. The bill does not set out the circumstances under which the agreement was entered into, or that a separation had taken place, or that the agreement was made in contemplation of an immediate separation, which took place and still continues, and it does not deny the allegation 'in the defendant's petition to the Probate Court of an offer to return. But, if such allegations are necessary in order to enable him to maintain it, the plaintiff, although an opportunity was given him to amend his bill and he did not do so, now desires an opportunity to amend the bill by alleging that 'the agreement was made in contemplation of an immediate separation, and that such separation took place and still continues, and by denying that there has been an offer to return. We assume that such amendments would be allowed, and therefore proceed to deal with the case as if the bill had been thus amended, though from the statement in the agreement that the defendant had left her husband without his consent, it might perhaps fairly be inferred that they were living separate and apart at the time when the agreement was entered into, and that the separation still continues.

The defendant contends that the agreement is against public policy and void. But similar agreements have often been upheld and enforced, and it is too late now to question their validity. *Page* v. *Trufant,* 2 Mass. 159. *Fox* v. *Davis,* 113 Mass. 255. *Alley* v. *Winn,* 134 Mass. 77. *Winn* v. *Sanford,* 148 Mass. 39. *Grime* v. *Borden,* 166 Mass. 198. *Walker* v. *Walker,* 9 Wall. 743. *Galusha* v. *Galusha,* 116 N. Y. 635. *Wilson* v. *Wilson,* 1 H. L. Cas. 538. *Gibbs* v. *Harding,* L. R. 8 Eq. 490. *Wilson* v. *Muskett,* 3 B. & Ad. 743. The defendant was not obliged to enter into the agreement. If the facts warranted her in so doing, she could have filed a libel for divorce or brought a petition for separate support, as she has now done, but she did not do either. Instead she entered into the agreement in question. She did this freely and voluntarily, for aught that appears, and we see no reason why, as a matter of public policy, she should not be bound by it, if otherwise valid, so long, at least, as the separation continues. What circumstances if any will absolve her

from the obligations of the contract is not before us, and need not now be considered. Neither do we see any valid reason why, if the husband and the trustee have done all that they were to do under the agreement, and the separation still continues, the husband is not entitled in equity to have it specifically performed by the defendant, and to have her enjoined from prosecuting her petition in the Probate Court, if he cannot avail himself of the agreement as fully and effectually in the proceedings that have been instituted by her in that court, as in a suit brought by him to enforce its specific performance. There is nothing in the nature of the contract, or in the relations of the parties, inconsistent with such relief. In the leading case of *Wilson* v. *Wilson*, 1 H. L. Cas. 538, the husband was compelled to specifically perform the agreement by executing it, which he had refused to do, and was restrained from causing the suit which his wife had instituted in the ecclesiastical court for a nullity of the marriage, to be prosecuted by her. See also *Hunt* v. *Hunt*, 4 DeG., F. & J. 221. In *Williams* v. *Baily*, L. R. 2 Eq. 731, 734, it is said that deeds of separation are perfectly valid, and can be enforced against the wife. And in *Besant* v. *Wood*, 12 Ch. D. 605, an injunction was issued restraining the wife from suing for a restitution of conjugal rights. Such contracts do not stand, however, upon the same footing in all respects as ordinary contracts, and courts of equity will not enforce them, especially against the wife, unless they are free from fraud and coercion, and are fair and reasonable. *Hendricks* v. *Isaacs*, 117 N. Y. 411. *Hungerford* v. *Hungerford*, 161 N. Y. 550. *Dutton* v. *Dutton*, 30 Ind. 452. *Switzer* v. *Switzer*, 26 Gratt. 574. *Randall* v. *Randall*, 37 Mich. 563. *Daniels* v. *Daniels*, 9 Col. 133. 1 Bish. Mar. Div. & Sep. § 1280. But the probate courts are not courts of general equity jurisdiction. They have equity jurisdiction only in those cases where it is expressly conferred upon them, and, except in such cases, their rules of evidence and of property are the same as those which govern courts of common law. *Sullings* v. *Richmond*, 5 Allen, 187, 192. Neither does the statute in regard to equitable defences apply to probate courts. R. L. c. 173, §§ 28, 32. It is, however, expressly provided that, in reference to petitions by married women for separate support, " the provisions of sections fourteen, twenty-

nine and thirty-one of chapter one hundred and fifty-two shall apply to proceedings upon such petition, so far as appropriate." R. L. c. 153, § 35. Section 29, above referred to, provides in reference to matters of divorce that, " The Superior Court may, if the course of proceeding is not specially prescribed, hear and determine all matters coming within the purview of this chapter according to the course of proceeding in ecclesiastical courts or in courts of equity." According to this the probate courts have full equity powers in regard to petitions for separate support, and we think, therefore, that the plaintiff can avail himself of the agreement as fully and effectually in the proceedings in the Probate Court as he could in this, and that the remedy thus afforded is adequate and complete. In *Silverman* v. *Silverman*, 140 Mass. 560, it was held that an agreement between the husband and the wife whereby she released him from all claim for her support was not a bar to a petition by her under Pub. Sts. c. 147, § 33. But this was on the ground that the contract having been entered into directly between the husband and wife was void. In the present case the agreement was between the wife and a trustee. In *Sullings* v. *Richmond, ubi supra*, it was held that an antenuptial contract did not operate as a bar to a claim by the widow in the Probate Court to a distributive share of her husband's estate. This was on the ground that the remedy of those claiming under the contract was in equity and the Probate Court had no power to enforce the contract,—an objection which, as we have seen, does not apply to proceedings instituted by the wife in the Probate Court for a separate support. It is plain that, notwithstanding the agreement is between the wife and the trustee, the plaintiff can avail himself of it in defence of the proceedings in the Probate Court. *Alley* v. *Winn*, 134 Mass. 77. And if the agreement was understandingly entered into by her, and is free from fraud and coercion, and is fair and reasonable, and the parties are still living separate and apart, we do not see why it should not operate as a bar to the proceedings instituted by her in the Probate Court. See *Squires* v. *Squires*, 53 Vt. 208. What the effect of a *bona fide* offer to return on her part would be is not before us, and it is not necessary now to consider.

*Decree dismissing bill affirmed.*