ALICE R. KERR *vs.* JAMES H. KERR.

Hampden.    September 23, 1920. — October 14, 1920.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Marriage and Divorce.  Husband and Wife.  Contract,* Construction.  *Probate Court.  Superior Court.*

A husband and a wife, while a decree of a Probate Court under R. L. c. 153, § 33, was in force ordering the husband to pay $7 weekly to the wife for her support and the maintenance of the minor child of the parties until further order of that court, entered into a contract with a trustee which, among other things, provided that the husband should pay $1,000 in settlement of the separate maintenance suit, and that sum was paid. Later the wife brought a libel for divorce and sought alimony and an allowance on behalf of the minor child. The judge who heard the libel ordered a decree *nisi* and ruled that the agreement was a bar to a claim by the wife for alimony or on behalf of the child. The libellant alleged exceptions. *Held,* that

(1) The contract must be construed as being intended only to settle the husband's legal obligations while the marriage relation existed, and that it did not have divorce in view;

(2) The power of the Superior Court upon granting the divorce also to make a decree for alimony and for suitable provision for the minor child was not abrogated by the agreement;

(3) The question, *whether* the power of the Probate Court to increase the allowance it had decreed to the wife and child if, in circumstances arising after the decree, such sum became inadequate for their maintenance was limited by the contract of the parties with the trustee, not being raised by the record, was not considered.

*To what extent* a contract of a husband and his wife with a trustee, which purported to provide for alimony to be paid to the wife in the event of a divorce afterwards being procured by her and which was made without the sanction of the court, might affect the power of the court to award alimony in such subsequent divorce suit, was not determined, the contract in question in this case contemplating the relations of the parties only during the continuance of the marriage relation.

LIBEL FOR DIVORCE, filed on April 29, 1919, alleging desertion and adultery.

The libel was heard by *N. P. Brown,* J.  Material facts found by him are described in the opinion.

The libellant asked for a ruling as a matter of law, that the agreement signed by the libellant with James W. Moore as trustee, and described in the opinion, "was not a bar to the court awarding alimony to the libellant." The ruling was refused. The libellee asked for a ruling that "there should be no alimony or support for the child awarded as the release is a bar to any claim by the wife or on behalf of the child," and the judge so ruled. To these rulings the libellant saved exceptions.

Although the exceptions were pending, a decree *nisi* was entered, granting the divorce on the ground of desertion and including no order as to alimony or allowance for support of the minor child of the parties; and the libellant alleged exceptions.

The case was submitted on briefs.

*D. E. Webster,* for the libellant.

*R. J. Morrissey & J. L. Gray,* for the libellee.

DE COURCY, J. The trial judge granted a divorce on the ground of desertion. As he had no power to enter a decree while exceptions were pending, we treat the entry of May 7, 1920, as an order for a decree. *Young* v. *Reynolds,* 218 Mass. 129, 132. *Friedrich* v. *Friedrich,* 230 Mass. 59, 61.

At the hearing it appeared that in December, 1908, on a petition by Mrs. Kerr for separate support, the Probate Court found that she was living apart from her husband for justifiable cause; prohibited said James H. Kerr from imposing any restraint on her personal liberty; gave to her the care and custody of their minor child, then only two years old; and ordered him to pay her

the sum of $100 and a further weekly sum of $7 for her support and the maintenance of their minor child "until the further order of said court." It further appeared that on July 1, 1909, these parties, through one Moore as trustee, entered into a written agreement by which Kerr was to pay the trustee the sum of $1,000 in settlement of the separate maintenance suit, then pending in the Superior Court; and that said money was so paid. At the time of the divorce hearing the libellant was entirely without means, and dependent for her support and that of the minor child (now about thirteen years of age), upon her own small earnings of $11 a week, or less. The exceptions raise the question whether the judge was right in ruling that the agreement of July 1, 1909, is a bar to any claim of alimony by the libellant or on behalf of the child.

The statute empowered the Probate Court to revise or alter the decree of December, 1908, or make a new one, from time to time, "as the circumstances of the parents or the benefit of the children may require." R. L. c. 153, § 33. This decree remained in effect notwithstanding the appeal to the Superior Court, R. L. c. 162, § 19, and admittedly was in full force at the time of the divorce hearing. The agreement of July 1, 1909, by its express terms was made in "settlement" of that suit. Like the decree itself, it contemplated the continuance of the marriage status. As we construe the agreement, considering it as a whole and in the light of the circumstances in which it was executed, we are of opinion that the parties, in substituting a sum in gross for the weekly payments ordered by the Probate Court, intended to settle Kerr's legal obligations, merely while the relation of husband and wife should exist. They did not have divorce in view, nor purport to make provision for the wife and child in the event that Kerr's legal obligation as husband should be thus terminated.

It is generally held that a duly executed separation agreement, where the husband and wife are living apart or about to separate, is valid and enforceable provided it was fairly made. *Bailey* v. *Dillon*, 186 Mass. 244. *Terkelsen* v. *Peterson*, 216 Mass. 531. The purpose and effect of the agreement in controversy expired when the divorce was granted. The question whether the power of the Probate Court to increase the allowance decreed for the wife and child in 1908 was limited thereby, in the event of the sum ordered

becoming inadequate for their maintenance since that time, has not arisen. And as the agreement was not one attempting to provide for alimony, we need not determine to what extent an agreement of that nature made between the parties without the sanction of the court, would affect the power of the court to award alimony in a subsequent divorce suit. While the court undoubtedly would give due consideration to such contracts when not tainted with fraud, coercion or collusion, its powers and duties are not abrogated by agreements made without its sanction. Under our statutes the power of the Superior Court to make and revise decrees for alimony for the wife and child is a broad one. R. L. c. 152, §§ 30–33.

And even if the libellee's contention, that the agreement in question included a settlement of alimony, were correct, plainly the Superior Court would not be concluded thereby from making suitable provision for the minor child. Whatever the effect of such an agreement might be on the property rights of the wife, James H. Kerr could not relieve himself from legal liability for the suitable support of his child by the assent of the wife to an agreement so wholly inadequate. See *Albee* v. *Wyman,* 10 Gray, 222; *Chapin* v. *Chapin,* 135 Mass. 393; *Ham* v. *Twombly,* 181 Mass. 170; *Wolkovisky* v. *Rapaport,* 216 Mass. 48; *McConnell* v. *McConnell,* 98 Ark. 193; *Pereira* v. *Pereira,* 156 Cal. 1; *Seeley's Appeal,* 56 Conn. 202; *Wilson* v. *Wilson,* 40 Iowa, 230; *Carey* v. *Mackey,* 82 Maine, 516; *Galusha* v. *Galusha,* 116 N. Y. 635; cases cited in 1 R. C. L., Alimony, § 73, 9 R. C. L., Divorce & Separation, § 356, and in 19 C. J., Divorce, § 523.

The ruling of the court was erroneous, and the entry must be

*Exceptions sustained.*