GRACE E. OAKES *vs.* WALTER E. OAKES.

Norfolk. January 9, 1929. — January 31, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, & SANDERSON, JJ.

*Marriage and Divorce*, Alimony. *Probate Court*, Decree. *Contract*, Validity. *Husband and Wife.*

A libel for divorce was filed in a probate court by a wife against her husband. An agreement in writing signed by the parties only was filed providing for certain monthly payments of alimony by the libellee. A decree *nisi* was ordered to be entered, the libellee "to pay alimony in accordance with the agreement on file." More than four years later, the libellee filed a petition seeking modification of the decree so far as it related to alimony. The judge, without a report of the evidence, found that the libellee had remarried; that his income had remained substantially the same; that the libellant had made no effort to secure employment nor to maintain herself, although she was able to do so; and that she had assisted in maintaining her mother out of the payments

made by the libellee. A decree was entered substantially reducing the amount of alimony which the libellee was to pay thereafter. On appeal by the libellant, it was *held*, that

(1) The judge, under G. L. c. 208, § 37, was authorized in his discretion to revise the original decree concerning alimony; and, on the facts found, no error nor abuse of discretion appeared in the entry of the subsequent decree;

(2) The agreement between the libellant and the libellee was void and did not prevent the judge from revising the original decree;

(3) The subsequent decree was affirmed.

It *was stated* that, even had the contract between the parties been valid, the power of the judge to modify the decree was not abrogated thereby, although in such circumstances he might properly have given it due consideration in making his decision.

LIBEL for divorce, filed in the Probate Court for the county of Norfolk on September 29, 1923.

The libel was heard by *McCoole*, J., who ordered the entry of the decree *nisi* described in the opinion. The agreement mentioned therein was signed by the libellant and the libellee only.

The libellee, on April 9, 1928, filed a petition seeking a modification of the decree previously entered so far as it related to alimony. The judge found, without a report of the evidence, that the libellee had made the payments ordered; that he had remarried; that his income was substantially the same as it was at the time of the previous decree; that the libellant had made no effort to secure employment and maintain herself, although she was able to do so; and that she had assisted in maintaining her mother out of the payments made by the libellee. The decree described in the opinion was entered by order of the judge on the libellee's petition, and the libellant appealed.

*F. W. Campbell*, for the libellant.

*D. W. Corcoran*, for the libellee.

CARROLL, J. This is an appeal by the libellant in a divorce proceeding from a decree of the Probate Court entered September 10, 1928, which modified a decree for alimony entered for the libellant on December 12, 1923, when she was granted a divorce *nisi* which subsequently became absolute. At the time the decree *nisi* was entered the parties made a written agreement providing that the husband should pay

the libellant $125 each month for a period of six months, and thereafter, as long as the libellant remained unmarried, the sum of $108.34 each month. In the original decree it was stated that the libellee "be ordered to pay alimony in accordance with the agreement on file." In the decree of September 10, 1928, it was ordered that the monthly payments be reduced "from $108 to $50 per month until the further order of this court." The Probate Court was authorized to revise and alter its decrees concerning alimony, and "make any decree relative thereto which it might have made in the original suit." G. L. c. 208, §§ 34, 37.

There was no report of the evidence. On the facts found by the judge there was no error in the decree modifying the original decree. The so called agreement between the husband and wife did not in any way deprive the court of its power and jurisdiction to alter its former decree providing for the amount of alimony to be paid. The agreement was between husband and wife and was a nullity. G. L. c. 209, § 2. The judge in deciding the amount of alimony is to act on his own responsibility. Even where there is a contract between the husband and wife with a trustee, as in *Kerr* v. *Kerr*, 236 Mass. 353, the power and duty of the court are not taken away by such an agreement. The judge may give due consideration to such contracts when they are free from fraud, collusion or coercion, but his power is not abrogated. He is required to use his sound discretion and best judgment in passing on the question. He could under the statute modify the former decree, and if in his opinion the amount of alimony should be reduced he could revise the decree accordingly. *Southworth* v. *Treadwell*, 168 Mass. 511. *Brown* v. *Brown*, 222 Mass. 415.

*Decree affirmed.*