CARL A. SCHILLANDER *vs.* MARGARET STONE SCHILLANDER.

Hampden.    September 19, 1940. — October 30, 1940.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Probate Court,* Jurisdiction. *Contract,* Separation agreement between husband and wife, Modification. *Marriage and Divorce,* Separation agreement. *Husband and Wife.*

A Probate Court had no jurisdiction of a petition by a divorced husband to modify the provisions for payments by him to his former wife contained in a valid contract, made by them through a third person in contemplation of divorce but not incorporated in the divorce decree, which did not mention alimony, and requiring the payments "independent of any decree of alimony awarded by the court."

PETITION, filed in the Probate Court for the county of Hampden on April 21, 1939.

The case was reserved and reported by *Stapleton, J.,* and in this court was submitted on briefs.

*N. J. Saltzman & A. I. Smith,* for the petitioner.

*D. B. Wallace & D. M. Macaulay,* for the respondent.

QUA, J. On May 3, 1935, the present respondent secured a decree *nisi* for divorce from the present petitioner. The decree became absolute on November 3 of that year. It gave to the present respondent the custody of the two children of the parties, both children being then minors, but it made no mention of alimony. A few weeks before the decree *nisi,* under date of March 16, 1935, the parties had entered into a sealed agreement in which one Doherty was named as a third party or trustee. This agreement referred to the then pending divorce proceeding, recited that the husband and wife had agreed upon all questions of alimony, maintenance and support, and provided that, if a divorce should be granted, the husband (the present petitioner) should pay to Doherty for the benefit of the wife (the present respondent) $300 a month as long as both husband and wife should live, which sum should be due and payable "independent of any decree of alimony awarded by the court," and that the wife should give credit for any payment under the agreement upon such alimony as might be awarded. The agreement further provided that the wife would receive the monthly payments in full satisfaction of any present or future claims for alimony, maintenance or support. Other terms need not be stated. This agreement was brought to the attention of the court at the time of the entry of the decree *nisi* but was not incorporated in the decree. It appears that since the divorce the husband has remarried, and that his income has greatly diminished.

The present petition by the former husband alleges that one of the children has now reached his majority, and that "conditions have so changed" that the petitioner "is unable to carry out the terms of said agreement." The sole prayers are that the court "consider the relation of the parties hereto in connection with their contract and such

other facts as to this court may seem material in modification of the terms of the contract providing for maintenance of the wife and minor child," that the court "modify the contract" and "specify a reasonable amount, if any, for the support of said libellant [the wife] and minor child."

No contention is made that the agreement was invalid when entered into. It belongs to a class of agreements the validity of which is well established. *Bailey* v. *Dillon*, 186 Mass. 244. *Terkelsen* v. *Peterson*, 216 Mass. 531. *Aitchison* v. *Chamberlain*, 243 Mass. 16, 21. *French* v. *McAnarney*, 290 Mass. 544, 547. *O'Hara* v. *Donovan*, 303 Mass. 393, 395. Its terms show that the parties intended that it should continue in effect after a decree of divorce. Compare *Kerr* v. *Kerr*, 236 Mass. 353. The decree does not mention alimony or incorporate the agreement and so could not have been accepted as a substitute for the husband's contractual obligation. See *Albee* v. *Wyman*, 10 Gray, 222, 230. The agreement remains valid and may still be enforced by action at law after the decree. *Welch* v. *Chapman*, 296 Mass. 487.

We are aware of no sound theory upon which it can be held that the court has jurisdiction to modify the terms of a valid existing contract which arose solely through the voluntary act of the parties.

The petitioner leans heavily upon *Wilson* v. *Caswell*, 272 Mass. 297. See also *Bradford* v. *Bradford*, 296 Mass. 187; *Kerr* v. *Kerr*, 236 Mass. 353, 356; and *Oakes* v. *Oakes*, 266 Mass. 150, 152. In *Wilson* v. *Caswell*, at page 302, it was held that a husband and wife cannot by contract deprive the court of its jurisdiction over alimony "or of power to consider their relation in connection with their contract and all other facts material to the issues properly before it in providing for the maintenance of wife or minor children, although the exercise of its jurisdiction may change in some respects their situation as contemplated by the contract." And in *Oakes* v. *Oakes*, at page 152, there is a dictum that the court may exercise its power to modify its decree although there is a contract. But these cases recognize that a binding contract has been made.. None of them suggests

that the court has jurisdiction to "modify" the contract by substituting for it new terms to which the parties have never agreed. Under the doctrine of *Wilson* v. *Caswell* the court may proceed to exercise its statutory jurisdiction, even though there is a contract, taking the existence of the contract into account as one of the facts in so far as it may be material. So the present petitioner could ask the court to exercise any of its statutory functions applicable to his situation. But he is not asking that. He is not asking the revision of a decree for alimony under G. L. (Ter. Ed.) c. 208, § 37, for there has been no decree for alimony. He is not seeking an allowance in the nature of alimony for himself under the provisions of G. L. (Ter. Ed.) c. 208, § 34. Nor is he seeking, apart from modification of the agreement, to have alimony or an allowance awarded against him in favor of his wife and child, if such a course would be open to him under the statute last cited. The essence of his petition and of his argument before us is that he should be relieved from full performance of a binding contract to which he is a party and which he now finds burdensome, and that the court should substitute for it some less onerous obligation. There is no statute conferring upon the court authority to do this, and apart from statute the court has no power in these matters. *Gediman* v. *Cameron*, 306 Mass. 138, 140.

A decree is to be entered dismissing the petition.

*Ordered accordingly.*