ENRICO E. FABRIZIO *vs.* ANNA BERTHE FABRIZIO.

Suffolk.  February 9, 1944. — June 2, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, & RONAN, JJ.

*Marriage and Divorce,* Alimony, Separation agreement. *Contract,* By husband and wife. *Probate Court,* Modification of decree. *Husband and Wife.*

An agreement between a wife and her husband and a trustee, which was presented to a judge of probate hearing divorce proceedings by the wife against the husband, provided for a certain weekly sum to be paid the wife for the support of herself and two minor children "as and for and/or in lieu of" all alimony and support, "all for the past, present and future," included statements that it should become effective "in the event that a decree of divorce nisi shall be entered . . . which shall become . . . absolute, and all subject to the approval of said court," and also provided that "in the event that the court does not consent to and approve and make this agreement in all its essential particulars a part of its decree of divorce, then all rights and liabilities of the parties hereto shall cease," did not disclose an intention of the parties that it should be an independent agreement or anything but the basis for an order for payment of alimony and support; and a decree nisi, providing, "Alimony and support in accordance with

trust agreement on file which is made a part of this decree by reference," might afterwards be modified under G. L. (Ter. Ed.) c. 208, § 37.

The fact that, some years after a decree of divorce directing the libellee husband to pay $25 per week to the libellant as alimony and for the support of two minor children, one of the children attained majority and became self supporting and the libellant and the other child could be supported adequately "in a style to which they . . . [were] accustomed by a lesser amount" warranted a modification of the decree by reducing the weekly amount to be paid by the libellee to $17.

PETITION, filed in the Probate Court for the County of Suffolk on October 5, 1940.

The case was heard by *Dillon,* J.

*A. M. Beale,* for the respondent.

*M. Tobey,* for the petitioner.

DOLAN, J. This is an appeal from a decree entered in the Probate Court modifying an order for payment of alimony and support contained in a decree of divorce nisi which became absolute in due course. The decree appealed from ordered that "the decree entered in said court on June 29, 1934, be and the same hereby is modified as follows: Libellee pay to the said libellant the sum of seventeen (17) dollars weekly as alimony and support until the further order of the court."

The evidence is not reported, but at the request of the libellant the judge made a report of material facts found by him (G. L. [Ter. Ed.] c. 215, § 11). His decision must stand if supported by the pleadings and the facts found.

The facts found may be summed up as follows: The libellant, Anna, was granted a decree of divorce nisi from the libellee, Enrico, on June 29, 1934. At that time the parties had two minor children, Enrico, Jr., born January 8, 1922, and Roberto born June 5, 1927. When the decree nisi was about to be entered the parties filed and presented to the judge an agreement made between them and one Beale as trustee. This agreement was incorporated in the decree nisi, in this form: "Alimony and support in accordance with trust agreement on file which is made a part of this decree by reference." The agreement, which is incorporated by reference in the judge's report of material facts, after reciting the pendency of the libel for divorce in the Probate

Court for the county of Suffolk and the purpose of the then husband and wife to "avoid unnecessary publicity and expense of litigation," and that "negotiations between the husband and wife, through their respective counsel and the said trustee have resulted in an agreement between them regarding alimony, allowances in the nature of alimony and allowances of every kind and nature for the past, present and future, and regarding the custody, support and maintenance of Enrico E. Fabrizio, Jr., and Robert Fabrizio, the minor children of said husband and wife, and all allowances therefor, all in the event that a decree of divorce *nisi* shall be entered upon said libel which shall become and be absolute, and all subject to the approval of said Court; and Whereas the said husband and wife desire, subject to said approval of said court, to effectuate this agreement," provided that the husband should pay to the trustee $100 forthwith for counsel fees and expenses, and should also pay to the trustee for the support of "said wife . . . and the maintenance of said minor children . . . $25 . . . forthwith and . . . on each and every Wednesday hereafter . . . and the said wife hereby covenants and agrees to accept them as and for and/or in lieu of all alimony, allowances in the nature of alimony, costs, counsel fees, expenses of litigation, dower, and all allowances to said wife and minor children of every kind and nature, all for the past, present and future." The sixth clause of the agreement reads as follows: "In the event that a decree of divorce *nisi* is not entered, or being entered does not become and be absolute, or in the event that the court does not consent to and approve and make this agreement in all its essential particulars a part of its decree of divorce, then all rights and liabilities of the parties hereto shall cease and be at an end." The judge further found that the son Enrico had reached his majority, was self-supporting and a member of the armed forces of the United States, and that the libellant and her son Roberto could be supported adequately "in a style to which they are accustomed by a lesser amount than that provided for in the decree of June 29, 1934."

The main contention of the libellant is that the agreement

was a bar to either party's application for alimony or support differing from that provided for therein and that the agreement is still in force, although its terms were embodied in the decree of divorce by reference. We do not sustain this contention. The validity of an agreement such as the one under consideration by husband and wife with a third party is well established in this jurisdiction, *Bailey* v. *Dillon*, 186 Mass. 244, 246, and cases cited, and when its terms show that the parties intended that the agreement should continue in effect after a decree of divorce, and the decree does not mention alimony or incorporate the agreement "and so could not have been accepted as a substitute for the husband's contractual obligation," the "agreement remains valid and may still be enforced by action at law after the decree." *Schillander* v. *Schillander*, 307 Mass. 96, 98. In the present case, however, the terms of the contract plainly show that its provisions with reference to alimony and support were all subject to the approval of the court in the divorce proceedings, and that, in the event that that court did not consent to and approve and make the agreement in all its essential particulars a part of its decree of divorce, "all rights and liabilities of the parties hereto shall cease and be at an end." The agreement speaks of "alimony and allowances of every kind." It was filed in the Probate Court and was presented to the judge for approval. As before stated its terms were incorporated by reference and made a part of the decree entered by the judge. Without that action on the part of the judge who entered the decree, the agreement by its express terms would have "cease[d]" and been "at an end." It is plain that the parties did not intend that the agreement was to be an independent one, effective of itself, or other than the basis for an order for payment of alimony and support should the proposed libel for divorce be allowed.

The present case is distinguishable from *Schillander* v. *Schillander*, 307 Mass. 96, where the petitioner was not "asking the revision of a decree for alimony" under G. L. (Ter. Ed.) c. 208, § 37. There had been no decree for alimony in that case. What we have said here, however, is in accord with the governing principles of law set forth in the

*Schillander* case. The present case is also distinguishable from *Welch* v. *Chapman*, 296 Mass. 487, 488, and *Whitney* v. *Whitney*, *post*, 367, in each of which it was held that it was plain that the agreement in question was not to expire by its mere approval in the decree of divorce which followed wherein the terms of the agreement were not expressly set forth or incorporated by reference and that it was not intended that the decree should be substituted for the agreement. Compare *Wilson* v. *Caswell*, 272 Mass. 297; *Oakes* v. *Oakes*, 266 Mass. 150. The case of *Bailey* v. *Dillon*, 186 Mass. 244, cited by the libellant, is likewise distinguishable on the facts. In that case the agreement was made by the parties, husband and wife, with a third person as trustee. It was entered into by reason of threatened proceedings by the wife for support. By its terms, its provisions were to be full and final "for her support for all time . . . [thereafter]." (See original papers.) Thereafter the wife, the defendant in the *Bailey* case, began separate support proceedings against her husband. The trustee named in the agreement sought in behalf of the husband an injunction to restrain her from prosecution of the separate support proceedings. The injunction was denied, the court holding that the agreement could be pleaded in bar, pointing out that such independent contracts as the one in question were enforceable where fair and reasonable and free from fraud or coercion (pages 246–248). It is plain that in that case it was not intended that the decree of any court relative to the subject matter should be substituted for the independent contract. That is not the present case.

The judge had authority to enter the decree appealed from, G. L. (Ter. Ed.) c. 208, § 37, and we do not concur in the contention of the libellant that there was no sufficient basis in the evidence for the modification of the decree. The evidence is not reported, and in our view the facts found support the decision of the judge.

*Decree affirmed.*