CHARLES M. REEVES *vs.* RUTH M. REEVES & another.

Suffolk.    May 9, 1945. — June 5, 1945.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Equity Jurisdiction*, To enjoin prosecution of proceeding, Other remedy, Specific performance. *Marriage and Divorce*, Separation agreement.

A Probate Court in which is pending a petition by a divorced wife against her former husband for modification of the decree of divorce relative to support of a minor child of the parties, had jurisdiction, under G. L. (Ter. Ed.) c. 208, § 33, as amended by St. 1936, c. 221, to determine the merits of a defence of the husband based on an agreement entered into before the divorce by the parties and a trustee respecting the support of the minor child, "made independent of any decree of the Probate Court and . . . intended to continue indefi nitely in and of itself independently among the parties after the . . . decree of divorce," and not incorporated in the decree of divorce; and therefore it was proper to dismiss a bill in equity brought by the husband in the Superior Court to enjoin the prosecution of the petition in the Probate Court because of the agreement.

BILL IN EQUITY, filed in the Superior Court on November 6, 1944.

The case was heard by *Good*, J.

In this court the case was submitted on briefs.

*R. J. Thibodeau*, for the plaintiff.

*T. N. Creed*, for the defendants.

DOLAN, J.  By this bill the plaintiff seeks to have the defendant Ruth M. Reeves enjoined from prosecuting a petition for modification of an order for support of their minor child contained in a decree of divorce, and from interfering with, annoying or molesting the plaintiff or any person to whom he may be married.  The plaintiff also seeks to have the defendant Herbert F. Callahan, Esquire, removed from his office as trustee under a trust instrument hereinafter described.

The bill was heard by the judge upon agreed facts.  The material facts may be summed up as follows:  The plaintiff and the defendant Ruth M. Reeves, hereinafter referred to as Mrs. Reeves, were married on April 5, 1926.  On April 7, 1937, Mrs. Reeves filed a libel for divorce in the Probate Court for the county of Suffolk alleging desertion.  On April 5, 1937, the plaintiff and Mrs. Reeves executed a trust instrument in which the defendant Mr. Callahan was named as trustee.  The trust instrument, after reciting the pendency (*sic*) of the divorce libel and a desire to make suitable provision for the support of the minor child of the parties and for the payment of a sum of money to Mrs. Reeves in lieu of alimony and all claims that she might have against the plaintiff, provided that Mrs. Reeves should accept the sum of $2,250 in lieu of alimony and all other claims.  Under the terms of the trust instrument the trustee was to pay out of that sum, the receipt of which he acknowledged, $250 to himself and, upon entry of a "final decree of divorce," an additional sum of $250 for professional services "rendered and to be rendered" to Mrs. Reeves.  Upon the entry of a "final decree of divorce," the trustee was to pay the balance of the fund with any increment thereon to Mrs. Reeves.  The trustee acknowledged the receipt of $50 from the plaintiff to be paid forthwith to Mrs. Reeves for the support of the minor child of the parties for the month of April, 1937, and the plaintiff agreed to pay a like sum to the trustee on the first day of each month thereafter until the decree of divorce became absolute, and thereafter to make such monthly payments directly to Mrs. Reeves.  The provisions wherein Mrs.

Reeves agreed with the trustee not to interfere with, annoy or molest the plaintiff or any person whom he might marry so long as he continued his payments for the support of the minor child need not be stated in detail. On May 28, 1937, a decree nisi of divorce was entered in favor of Mrs. Reeves. Custody of the minor child of the parties was awarded to her, and the plaintiff, the libellee, was ordered to pay $50 each and every month thereafter, or until the further order of the court, for the support of the minor child. Despite that order the case stated sets forth that the terms of the trust agreement were not incorporated in the decree of divorce, that the agreement "was made independent of any decree of the Probate Court and was intended to continue indefinitely in and of itself independently among the parties after the aforesaid decree of divorce." The plaintiff has substantially fulfilled every term, provision and stipulation of the trust agreement, "having paid up in full under the terms of said contract." On November 12, 1943, Mrs. Reeves filed a petition in the Probate Court for modification of the decree of divorce with respect to the order for the support of the minor child, which is now pending. The defendant Mr. Callahan, the trustee named in the trust agreement, is acting as counsel for Mrs. Reeves in the matter of the petition just referred to. The judge made an order for the entry of a final decree dismissing the bill, ruling that the plaintiff could avail himself of the opportunity of setting up the trust agreement as a defence in the proceeding pending in the Probate Court and that "there is no basis for the granting of equitable relief herein." A final decree was entered dismissing the bill, and the plaintiff appealed.

The only duty of the judge was to order the correct decree on the agreed facts without reference to rulings. *Stuart* v. *Sargent*, 283 Mass. 536, 541, and cases cited. See *United States Fidelity & Guaranty Co.* v. *English Construction Co.* 303 Mass. 105, 108, 109, and cases cited.

The decree entered by the judge was right. We are not called upon to decide whether the contract in question could be successfully set up in the Probate Court in bar

of the petition of Mrs. Reeves for modification of the decree of divorce with respect to the support of the minor child. See, however, *Kerr* v. *Kerr,* 236 Mass. 353, 356.

No contention is made that the agreement was invalid when entered into, and it is settled that such agreements as that here involved, when free from fraud and coercion and when fair and reasonable, are valid. *Bailey* v. *Dillon,* 186 Mass. 244, 246–247, and cases cited. *Schillander* v. *Schillander,* 307 Mass. 96, 98. It is also settled that, where a party and the trustee have done all that they were to do under the instrument, courts of equity have jurisdiction of a suit to enjoin the prosecution of proceedings in derogation of the agreement and to compel specific performance of it if the plaintiff in such suit could not avail himself as fully and effectually of the agreement in the proceedings sought to be enjoined as he could in the suit to enforce its specific performance. *Bailey* v. *Dillon,* 186 Mass. 244, 247–248. But as is pointed out in the case just cited, the Probate Courts under G. L. (Ter. Ed.) c. 208, § 33, "may, if the course of proceeding is not specially prescribed, hear and determine all matters coming within the purview of this chapter according to the course of proceedings in ecclesiastical courts or in courts of equity," and the plaintiff can avail himself of the agreement as fully and effectually in the proceedings in the Probate Court as he could in this, and the remedy thus afforded is adequate and complete. See now G. L. (Ter. Ed.) c. 208, § 33, as amended by St. 1936, c. 221. *MacLennan* v. *MacLennan,* 311 Mass. 709. Instances where agreements, such as the one here under consideration, have been set up in defence and considered on the merits in cases arising in connection with separate support or divorce proceedings are to be found in *Kerr* v. *Kerr,* 236 Mass. 353, *Holt* v. *Holt,* 257 Mass. 232, *Bradford* v. *Bradford,* 296 Mass. 187, *Welch* v. *Chapman,* 296 Mass. 487, *Schillander* v. *Schillander,* 307 Mass. 96, and *Fabrizio* v. *Fabrizio,* 316 Mass. 343. See also *Oakes* v. *Oakes,* 266 Mass. 150; *Wilson* v. *Caswell,* 272 Mass. 297. In the instant case the action of the judge in leaving the plaintiff to pursue his alleged defence in the prior pending proceed-

ing brought by Mrs. Reeves, of which he complains, in the court where that proceeding is pending, was appropriate.

In so far as the bill seeks the removal of the defendant Mr. Callahan as trustee under the instrument in question (see G. L. [Ter. Ed.] c. 203, § 12), it is sufficient to say that an examination of the trust agreement discloses that Mr. Callahan's duties as trustee terminated when the decree of divorce from the plaintiff granted to Mrs. Reeves became absolute long prior to the filing of the bill in the present case.

*Decree affirmed with costs.*