HARRIS A. REYNOLDS, trustee, *vs.* HADDON S. OWEN
(and a companion case between the same parties).

Middlesex. February 5, 1952. — February 29, 1952.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Contract*, Validity, By husband and wife. *Marriage and Divorce*, Separation agreement. *Public Policy*.

A contract made between husband and wife through trustees at a time
when they were living apart and a divorce proceeding by the wife was
pending and about to be heard, and dealing with such matters as their
property, life insurance, and payments by the husband to the wife,
was not void as against public policy merely because it contained
provisions that it should not be binding and valid until the wife should
procure a decree of divorce, that the obligation of the husband to
make such payments should be conditional on her procuring it, and
that his obligations under the contract should not be merged in the
decree but should be independent thereof.

Two ACTIONS OF CONTRACT. Writs in the Superior Court
dated January 24, 1951, and February 8, 1951, respectively.

The actions were heard by *Morton*, J.

In this court the cases were submitted on briefs.

*J. M. Graham*, for the defendant.

*H. A. Reynolds*, for the plaintiff.

RONAN, J. These are two actions of contract to recover
the amounts due and payable in accordance with the terms
of an agreement executed by the defendant, his wife, and
one attorney acting as trustee for the husband and another
acting in a similar capacity for the wife. The only defence
relied upon is that the agreement is void as against public
policy. The judge, subject to the defendant's exception,
refused to rule that it was contrary to public policy and
found for the plaintiff for the full amounts claimed.

The general finding for the plaintiff imports a finding of
all the subsidiary facts essential to that conclusion, and the
decision of the judge is not to be reversed unless as matter

of law it cannot be supported upon any reasonable view of the evidence. *London Clothes, Ltd.* v. *Maryland Casualty Co.* 318 Mass. 692. *Casey* v. *Gallagher*, 326 Mass. 746.

The wife for some time prior to April 25, 1945, had been living apart from her husband. On that date she filed a libel for divorce on the ground of cruel and abusive treatment, in which she sought an allowance for her support. Just before the libel was heard on June 28, 1945, she executed the agreement in question. It was presented to the judge of probate during the hearing for his perusal, but he did not care to examine it. A decree of divorce nisi was entered on the last mentioned date. The parties have continued to live separate and apart. The defendant concedes that he owes the amounts set forth in the declarations if the agreement is not violative of public policy.

The agreement calls for the release by one spouse of any interest he or she may have in the property of the other, for the making of monthly payments in varying amounts by the husband to the wife, for her sharing in certain contingencies in his life insurance, and for the method to be employed in enforcing the rights of the parties. It, however, provides that the obligation of the husband to make the monthly payments is conditional upon her obtaining a decree of divorce absolute, that the agreement shall not be binding and valid until she procures such a decree, and that if such a decree is granted his obligations under the agreement shall not be merged in the decree but shall be independent of it.

It has long been settled in this Commonwealth that an agreement between husband and wife through a third person which is made while they are living apart or on the eve of a contemplated separation, which takes effect immediately thereafter, and which is executed for the purpose of providing definite support for the wife, is valid if its provisions are fair and reasonable and if they are made without fraud or coercion. *Fox* v. *Davis*, 113 Mass. 255. *Ham* v. *Twombly*, 181 Mass. 170. *Bailey* v. *Dillon*, 186 Mass. 244. *Terkelsen* v. *Peterson*, 216 Mass. 531. *French* v. *McAnarney*,

290 Mass. 544. *O'Hara* v. *Donovan*, 303 Mass. 393. Restatement: Contracts, § 584.

The fact that a wife having good grounds for a divorce attempts in good faith to secure a divorce and agrees with her husband as to the amount of alimony and the expenses to be incurred, in order to avoid publicity or scandal because of his marital misconduct, does not make a divorce subsequently obtained by her a collusive or fraudulent one. The distinction between a valid and void agreement relative to securing a divorce by one of the spouses is pointed out in *Wolkovisky* v. *Rapaport*, 216 Mass. 48, 50, where it was said that it did not appear whether the trial judge regarded the trust agreement merely as an attempt in good faith to provide for alimony, in connection with a divorce to which the plaintiff was legally entitled (see *Ham* v. *Twombly*, 181 Mass. 170), or whether he was satisfied that it was made in pursuance of a collusive compact between the husband and wife for procuring a divorce, under which she was to bring a libel and he was to remunerate her therefor and to make no contest in court. There is an obvious difference between a case where a wife while on her way to court to try out her meritorious case in good faith pauses to settle with the husband the amount she is to receive for support rather than to leave that question to the court and a case where she has entered into a conspiracy with him to commit a fraud on the court and attempt to secure a collusive divorce. It was not decided in *Minot* v. *Minot*, 319 Mass. 253, 262, that if the agreement was conditional upon a divorce it would be void. The general remark in that case that the agreement was not conditional upon a divorce but was to be valid whether a divorce followed or not "is to be interpreted in connection with that case and is not to be construed as announcing a proposition of universal application." *Swan* v. *Justices of the Superior Court*, 222 Mass. 542, 545.

Some forms of agreements provide that they shall come to an end if a divorce is not granted. *Fabrizio* v. *Fabrizio*, 316 Mass. 343. *Reeves* v. *Reeves*, 318 Mass. 381. Other forms provide that such an agreement shall not become

effective except upon the granting of a divorce. *Schillander* v. *Schillander*, 307 Mass. 96. *Ziegler* v. *McKinlay*, 318 Mass. 765. The fact that an agreement is to become effective upon the entry of a decree nisi or to terminate on the denial of a decree nisi is not necessarily decisive of the validity of the agreement. The test is whether the agreement is no more than a device to facilitate the granting of a fraudulent divorce or whether it merely constitutes a fair and honest adjustment of the matter of alimony in connection with a decree of divorce, in proceedings then pending or about to be brought, which one of the parties is lawfully entitled to secure. The agreement is to be scrutinized in the light of the circumstances attending its execution, and it is to be interpreted and its purpose ascertained by determining its relation to the situation in which the parties were at the time of its execution. In one case where the agreement was conditional upon the granting of a divorce, although no contention was made that it was invalid, this court said that "It belongs to a class of agreements the validity of which is well established." *Schillander* v. *Schillander*, 307 Mass. 96, 98. On the other hand, where the entry of a decree nisi was not a condition precedent but a condition subsequent, it was said that "The validity of an agreement such as the one under consideration by husband and wife with a third party is well established in this jurisdiction." *Fabrizio* v. *Fabrizio*, 316 Mass. 343, 346. It is idle to say that agreements merely conditional upon obtaining a divorce of the types just mentioned have not been passed upon, impliedly at least, by this court for it is incredible that this court would approve and enforce an agreement violating the public policy of this Commonwealth simply because that point was not raised. Whether raised or not, this court as soon as it appears that a contract is contrary to public policy has always struck down such a contract as void and illegal. *Fuller* v. *Dame*, 18 Pick. 472. *Claflin* v. *United States Credit System Co.* 165 Mass. 501. *Adams* v. *East Boston Co.* 236 Mass. 121. *Noble* v. *Mead-Morrison Manuf. Co.* 237 Mass. 5. *Coughlin* v. *Royal In-*

*demnity Co.* 244 Mass. 317. *Reuter* v. *Ballard,* 267 Mass. 557. *Baskin* v. *Pass,* 302 Mass. 338. *James J. Sullivan, Inc.* v. *Cann's Cabins, Inc.* 309 Mass. 519. *Barsky* v. *Hansen,* 311 Mass. 14, 17. *Collins* v. *Godfrey,* 324 Mass. 574.

*Exceptions overruled.*