KATHLEEN A. BRASH vs. D. ALLAN BRASH.

Plymouth. February 5, 1990. - March 20, 1990.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Divorce and Separation*, Division of property, Oral separation agreement, Attorney's fees. *Laches. Contract*, Oral separation agreement.

The equitable doctrine of laches had no application to a former wife's claim under G. L. c. 208, § 34, for a division of marital assets. [104-105]

In a proceeding under G. L. c. 208, § 34, for a division of marital assets, the judge was warranted in concluding that the wife's prior transfer of marital property to the husband had not, as the husband contended, been pursuant to an oral contract and that, in any event, the transfer was unconscionable. [105-106]

In a proceeding under G. L. c. 208, § 34, for a division of marital assets, the judge properly exercised his discretion in awarding the wife her attorney's fees. [106]

An order awarding attorney's fees in a proceeding under G. L. c. 208, § 34, for a division of marital assets was not automatically stayed pursuant to Mass. R. Dom. Rel. P. 62 (d) (1989) pending final disposition of an appeal from the judgment. [106-107]

COMPLAINT for divorce filed in the Plymouth Division of the Probate and Family Court Department on January 20, 1976.

A complaint for division of marital assets, filed on December 4, 1986, was heard by *John V. Harvey*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Richard D. Packenham* for D. Allan Brash.

*Martin S. Cosgrove* (*Todd McCullough* with him) for Kathleen A. Brash.

NOLAN, J. This appeal arises from a case heard in the Probate and Family Court Department. The case arose from

two complaints, one seeking modification of a ·divorce judg-
ment and the other a division of marital assets pursuant to
G. L. c. 208, § 34 (1988 ed.).

The plaintiff,[1] Kathleen A. Brash, and the defendant, D.
Allan Brash, were married on August 29, 1957. Five children
were born of the marriage. On January 20, 1976, Allan filed
a complaint for divorce. Kathleen did not file an answer after
return of the summons and did not appear at the divorce
hearing. A judgment of divorce nisi was entered on April 29,
1976, becoming absolute on October 29, 1976. The judgment
granted Allan custody of the five children and granted Kath-
leen reasonable visitation rights. The judgment made no
mention of a division of the marital assets.

In 1986, Kathleen filed a complaint for modification of the
divorce judgment and a complaint for division of marital as-
sets pursuant to G. L. c. 208, § 34. The two actions were
consolidated for trial. A probate court judge entered judg-
ment on the complaint for division of marital assets on April
28, 1988.

The judgment ordered, inter alia, that Allan convey his
right, title, and interest in the marital domicil located in
Hingham. The conveyance was to be "in lieu of alimony,
past, present and future." The judgment also awarded Kath-
leen attorney's fees in the amount of $5,000 each for the
modification[2] and the action for the division of marital assets.
Allan filed an appeal from the judgment for division of mari-
tal assets and a motion for a stay of the judgment pending
appeal. The trial judge granted a stay with respect to the
conveyance of the marital domicil in Hingham but refused to
grant a stay of the award of attorney's fees. Allan then
moved unsuccessfully in the Probate Court to stay the pay-
ment of attorney's fees pending appeal on the division of
marital assets only.[3] A single justice of the Appeals Court

---

[1] To avoid the confusion that may result from the use of the designations,
"plaintiff" and "defendant," we shall refer to the parties by name.

[2] No appeal has been taken from the judgment for modification.

[3] Allan sought no stay on the attorney's fees awarded on the action for
modification.

granted the stay and ordered that the parties brief the issue of the stay of payment of attorney's fees.

The trial judge made detailed findings as to the age, health, liabilities, and needs of the parties, as well as their stations in life, occupations, employability, and vocational skills. The judge also made findings concerning the parties' contribution to the acquisition, preservation, or appreciation in value of the estate, their contribution to home and child care, their conduct during the marriage, and the estate of the parties. See G. L. c. 208, § 34.

We summarize the judge's findings. The major assets of the marriage included two income-producing properties in Wellfleet and the marital domicil in Hingham. Allan has made repairs and alterations to the Wellfleet properties and has collected all the rents connected with them. Kathleen and Allan contributed extensively to the marriage. Throughout the marriage and until the separation, Kathleen was the principal care giver to the children and Allan. Allan was the primary wage earner. Allan was devoted to his career and spent an extraordinary amount of time at work and in traveling.

At the time of the divorce, Kathleen was a waitress. She had no other marketable skills. She currently has secretarial and administrative skills. During the marriage and continuing to the present date, Allan has been employed in an executive position with an insurance company and earns in excess of $80,000 a year.

During the course of the marriage, the parties grew apart. In the latter part of 1975, there were instances of abusive conduct by Allan, forcing Kathleen to leave the marital home. In November of 1975, before the divorce judgment, Kathleen transferred the property (owned by the parties as tenants by the entirety) to Allan individually. Allan then filed the complaint for divorce.

The judge further found that Kathleen consulted an attorney but was not represented throughout the proceedings or at the time of the divorce. The divorce judgment granted a di-

vorce to Allan and awarded him custody of the children. The judgment was silent as to the division of marital assets.

In addition, the judge found that Kathleen received no consideration for transferring her interest in the property to Allan. He found "no credible evidence that the transfer was the result of a contract between husband and wife." The judge also found that the "transfer and the retaining of all the assets by [Allan] after a nineteen year marriage was not fair and reasonable and is in fact, unconscionable."

1. *Laches.* Allan first contends that the judge erred in deciding Kathleen's claim because the claim was barred by the doctrine of laches.[4] We disagree.

General Laws, c. 208, § 34, governs the division of marital assets in this Commonwealth. The statute provides, in pertinent part, that, "[u]pon divorce or upon a complaint in an action brought at any time after a divorce . . . the court of the commonwealth . . . may make a judgment for either of the parties to pay alimony to the other. In addition to or in lieu of a judgment to pay alimony, the court may assign to either husband or wife all or any part of the estate of the other."

Allan asserts that the common law defense of laches bars Kathleen's claim for the division of marital assets under G. L. c. 208, § 34. The plain language of § 34, however, states that, upon complaint, an action for the division of property may be brought at any time after divorce. Where the statutory language is unambiguous, we need not resort to legislative history or other sources to discern legislative intent. Rather, we look to the language itself, giving it its natural and unrestrained meaning. See *Rice* v. *Rice*, 372 Mass.

---

[4]Allan also contends, apparently for the first time on appeal, that Kathleen's claim for division of property is barred by the doctrine of res judicata or issue preclusion. Res judicata is an affirmative defense which must be pleaded. Mass. R. Dom. Rel. P. 8 (c) (1989). See *Davidson* v. *Davidson*, 19 Mass. App. Ct. 364, 368 n.3 (1985). Allan's answer to the complaint for division of property raises only the doctrine of laches as a bar to any further division of assets. Allan, therefore, waived this argument when he failed to assert it below. Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1985).

398, 400 (1977); *Chouinard, petitioner,* 358 Mass. 780, 782 (1971). While the unlimited time aspect of the statute has been criticized, see *DuMont* v. *Godbey,* 382 Mass. 234, 239 (1981), § 34 provides that, "upon a complaint in an action brought *at any time* after a divorce . . . the court . . . may assign to either husband or wife all or any part of the estate of the other" (emphasis supplied). To give the statute any other meaning would strain common sense. See *Talbot* v. *Talbot,* 13 Mass. App. Ct. 456, 460 & n.3 (1982). The judge did not err in hearing the claim.

2. *The alleged oral contract.* Allan asserts that the parties had resolved their rights by oral agreement prior to the divorce and, therefore, were precluded from relitigating that agreed division of assets. In support of this assertion, Allan contends that the judge erred (1) in finding no credible evidence that the transfer was pursuant to an oral contract, (2) in finding that there was no consideration for the transfer, and (3) in finding that the "transfer and the retaining of all the assets by [Allan] after a nineteen year marriage was not fair and reasonable and is in fact, unconscionable." There was no error.

Findings of fact made pursuant to G. L. c. 208, § 34, shall not be set aside unless clearly erroneous, and "due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Mass. R. Dom. Rel. P. 52 (a) (1989). We have reviewed the testimony presented at the hearing, and we cannot say that the judge's findings were clearly erroneous.

Contrary to Allan's contention, a review of the testimony at the hearing does not lead to the conclusion that the transfer was the result of a bargained-for exchange between the parties. Moreover, even if the transfer had been pursuant to an oral contract between the parties, the judge properly found that the "transfer and the retaining of all the assets by [Allan] after a nineteen year marriage was not fair and reasonable and is in fact, unconscionable." It is well settled that to be valid and enforceable, separation agreements must be free from fraud and coercion and must be fair and reasona-

ble. *Knox* v. *Remick,* 371 Mass. 433, 436-437 (1976). *Reeves* v. *Reeves,* 318 Mass. 381, 384 (1945), and cases cited. Kathleen had borne and raised five children and had been the primary care parent during the nineteen-year marriage. In the circumstances of this case, the judge did not err in finding that an agreement transferring all the assets to Allan could not be considered fair and reasonable and, in fact, is unconscionable.

3. *The award of attorney's fees.* Allan appeals the award of attorney's fees in the proceeding for the division of marital assets.

The decision to award attorney's fees rests within the sound discretion of the trial judge. *Drapek* v. *Drapek,* 399 Mass. 240, 248 (1987). It is for the trial judge to review the evidence and determine whether to award attorney's fees as well as the amount of that award. "As long as the amount awarded is not incommensurate with an objective evaluation of the services performed . . . '[t]he award of such costs generally rests in sound judicial discretion. . . . [T]he award . . . may be presumed to be right and ordinarily ought not to be disturbed.'" *Ross* v. *Ross,* 385 Mass. 30, 38-39 (1982), quoting *Old Colony Trust Co.* v. *Third Universalist Soc'y,* 285 Mass. 146, 151 (1934). He examined and made findings in detail on the § 34 factors. He had the opportunity to observe Kathleen's attorney at all phases of litigation. The judge was personally familiar with the attorney's performance and the station of the parties, and had a detailed affidavit of the legal fees and services involved. There was no abuse of discretion in the award of attorney's fees.

4. *The stay of attorney's fees.* Allan asserts that an award of attorney's fees is automatically stayed pursuant to Mass. R. Dom. Rel. P. 62 (d) (1989), pending final disposition of an appeal from the judgment. Kathleen contends that an award of attorney's fees is more akin to an award of alimony or support under Mass. R. Dom. Rel. P. 62 (g) (1989), and

is, therefore, not automatically stayed pending appeal.[5] See *Goldman* v. *Roderiques*, 370 Mass. 435, 437 (1976).

Rule 62 (d) provides that an appeal stays execution upon a judgment except as otherwise provided in the rules. It appears that the term "execution" applies only to a judgment for the payment of money. See Mass. R. Dom. Rel. P. 69 (1989); *Dominick* v. *Dominick*, 18 Mass. App. Ct. 85, 94 (1984). Rule 62 (g) provides that an appeal stays the running of the nisi period but not the operation "of any other order or judgment of the court relative to custody, visitation, alimony, support, or maintenance unless the court otherwise orders." An award of attorney's fees is not entirely unlike an order for support or maintenance and, therefore, it is not automatically stayed pending appeal.

Accordingly, in the absence of an order to the contrary by an appellate judge, an award of attorney's fees is not automatically stayed pending appeal.

*Judgment affirmed.*

---

[5]General Laws c. 215, §§ 23 and 24, also deal with appeals from orders or judgments of the Probate and Family Court Department under c. 208. Under G. L. c. 215, § 24 (which, according to § 23, applies to orders or judgments under c. 208), the judgment arguably would not be stayed. See *Sloane* v. *Sloane*, 349 Mass. 318, 319 (1965). However, the parties do not argue, nor do we find, a conflict between the rules and the statutes. See *Dominick* v. *Dominick*, 18 Mass. App. Ct. 85, 94-95 (1984) (finding no conflict between statute and rule), citing *Boston Seaman's Friend Soc'y, Inc.* v. *Attorney Gen.*, 379 Mass. 414, 416-417 (1980).